**IRVING BERLIN, Inc., v. RUSSO et al.**

District Court, E. D. Louisiana, Baton Rouge Division.    May 5, 1928.

No. 139.

Copyrights ⌾⇒75—Owner of musical copyright manufacturing phonograph records, or licensing others to do so, failing to file notice required, cannot recover for infringement (Copyright Act, §§ I (e), 25(e); 17 USCA §§ I (e), 25(e).

Owner of musical copyright, manufacturing musical copyright into phonograph records or licensing others to do so, and failing to file notice in copyright office as required under Copyright Act, § 1(e), 17 USCA § 1(e), cannot recover for infringement under section 25(e), 17 USCA § 25(e), since, aside from clear tenor of language of statute, public policy demands that copyright owner should not be permitted to recover infringement for his copyright unless he shows full discharge of his financial and other obligations to copyright authorities.

Copyright infringement suit by Irving Berlin, Inc., against Joseph Russo and another.    Bill dismissed.

J. Studebaker Lucas, of New Orleans, La., for plaintiff.

Fred G. Benton, of Baton Rouge, La., for defendants.

BURNS, District Judge.    The plaintiff alleges infringement of its copyright by the defendants, who own and operate a picture show for profit in the town of Plaquemine, La., as a place of public entertainment, charging an admission fee.

Music was being furnished by a phonograph, playing cheap popular records, incidental to the picture show. Plaintiff sues for damages, alleging the infringement of its copyright on two musical compositions by the playing of records of the songs, "You Forgot to Remember," and "Yes, Sir, She's My Baby." The defendant admits the use of the first record, but denies that the second was played or even contained in the collection of records used by them at the showhouse. It is unnecessary to decide the disputed points in this case, because the plaintiff has failed to allege and prove compliance on its part with the prerequisite conditions of the copyright law, which, under the statute, defendant urges as a defense here. Section 25, par. (e), of the present law (17 USCA § 25(e), provides that if the owner of a "musical copyright has used or permitted the use of the copyrighted work upon the parts of musical instruments serving to reproduce mechanically the musical work, then in case of infringement of such copyright by the unauthorized manufacture, use, or sale of interchangeable parts, such as disks, rolls, bands, or cylinders for use in mechanical music-producing machines adapted to reproduce the copyrighted music, * * * the plaintiff shall be entitled to recover in lieu of profits and damages a royalty as provided in section one, subsection (e), of this act [17 USCA § 1[e]."

Section 1, subsec. (e), 17 USCA § 1(e), fixes the amount of this royalty, and says that upon the payment of the same the copyrighted article shall be free from "further contribution to the copyright except in case of public performance for profit." It provides further that "it shall be the duty of the copyright owner, if he uses the *musical composition himself for the manufacture of parts of instruments serving to reproduce mechanically the musical work, or licenses others to do so, to file notice thereof, accompanied by a recording fee, in the copyright office,* and *any* failure to file such notice shall be a *complete defense to any suit,* action, or proceeding for *any* infringement of such copyright."

I accept the reasoning of defendants' counsel to the following effect: Whilst it is true that, in so far as the royalty anticipated and provided for in these sections is concerned, it is restricted to the "material objects or mechanical devices," and does not extend to the "esthetic conception" represented in a "public performance for profit," such as is here complained about. Of course the criterion for awarding damages or penalties, if an infringement is legally proven, is not determined by the royalty prescribed in the quoted sections, but is fixed under paragraph or subsection (b) of said section 25. However, the language of subsection (e), to the effect that the copyright owner must file notice with special fee in the copyright office, where he manufactures the musical copyright into a phonograph record or licenses others to do so, is unconditional, and is clearly to the effect that any failure to do so constitutes a complete defense, not only for such violation of said copyright as is specially treated in said paragraph, but for *"any infringement* of such copyright." The motive is to insure collection of copyright fees, and to maintain complete records in the copyright office, to extend the inhibition to "any infringement," and there is no reason, either in the language quoted or in the reason upon which it is based, to restrict its meaning to any particular violation. Plaintiff has either manufactured himself, or licensed some one else to manufacture, the musical copyright upon which he relies, into a phonograph record, and he now seeks to claim infringement of said copyright by the act of defendants in playing said record at a public performance for profit; this, despite the fact that he neither alleges nor proves that he has filed the special notices or paid the special fees required by law. He is no more entitled to recover than was the plaintiff in Bennett v. Carr (C. C. A.) 96 F. 213, in which plaintiff sought to recover certain penalties for the "infringement of a copyright obtained pursuant to the provisions of section 4956," in which the court goes on to say: " * * * The plaintiff may not maintain this action unless he has complied with the conditions precedent stated in section 4956, which should be strictly construed, because it contains the condition precedent to the recovery of severe penalties. The rigor of the penalty is illustrated in the present case, where a recovery of $10,000 has been had for the unintentional infringement of the copyright of a painting of the apparent value of $100."

The rigor of the penalty here sought to be invoked is proportionately of equal degree, but, aside from this fact, and aside from the clear tenor of the language under construction, public policy demands that a copyright owner should not be permitted to recover for the infringement of his copyright unless he shows full discharge of his financial and other obligations to the copyright authorities. Any other construction would be untenable.

Accordingly, plaintiff's bill is dismissed as of nonsuit, at its cost.