## Matulonis, Appellant, *v.* Reading Railroad Company.

Argued November 17, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Aloysius J. Staud,* with him *Fine, Staud & Silverman,* for appellant.

*Charles Robert Bernsee,* with him *Norman Paul Harvey,* and *Liebert, Harvey, Herting & Short,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 2, 1966:

Appellant, a stevedore employed by Moore-McCormack Lines, Inc., suffered personal injuries while working on a pier inside a warehouse owned by appellee. His action of trespass resulted in a jury verdict for appellee and appellant appealed to this court after the overruling of his motion for a new trial. We quashed the appeal as premature, inasmuch as no judgment had been entered on the verdict of the jury. *Matulonis v. Reading Railroad Co.*, 417 Pa. 48, 207 A. 2d 791 (1965). After entry of judgment on the verdict, appellant once again appealed and we now consider the appeal on the merits.

Appellant's injuries were sustained in a fall from a loading platform within the pier. He was required to go behind some stacks of cargo in order to facilitate its loading. While making his way around a post near the edge of the platform, he fell onto the railroad tracks below. Appellant's theory of liability is that appellee was negligent in failing to provide proper lighting in the area, and in failing to protect the edge of the platform with railings or toe boards. Specifically, on appeal, he complains of the refusal of the trial court to accede to his requests for charge to the effect that appellee was in violation of the general safety law of 1937, Act of May 18, 1937, P. L. 654, 43 P.S. §25-1 et seq., and that this violation constituted negligence per se.

As to the lighting, the evidence was conflicting and there was evidence from which the jury could find that it was adequate.[1] With regard to toe boards, the court below properly concluded: "There was no evidence to indicate the type or size of toe-boards required, even if the General Safety Law was applicable, and, in fact, common experience indicates that the installation of

---

[1] Sec. 3, Act 1937, P. L. 654 (43 P.S. §25-3).

toe-boards to a railroad platform would be dangerous, rather than a safety measure. It would prevent practical use of the platform for the purpose for which it was intended, and would constitute a hazard to persons working on the platform, and in entering and leaving freight cars which load and unload at said platform. Certainly, the passenger platforms of the Pennsylvania Railroad station, subway platforms of the Broad Street subway, and the freight and loading platforms of the various trucking companies have not been required to be equipped with toe-boards. It is apparent that such construction of the statute would be impractical and against the general purport thereof. Moreover, the testimony of the plaintiff that he had worked on said pier before and was familiar with the same, and his testimony as to the manner in which he sought to go around the pillars without making an effort to determine the location of the edge of the pier, especially when he contended the light was dim and obscure, presented a basis on which the jury could find the plaintiff guilty of contributory negligence."

Moreover, the court below reached a proper conclusion with respect to the general safety law, holding: "The Trial Judge took the position that said Act is not self-executing and that §12[2] of said Act required the Department of Labor and Industry to promote rules and regulations applicable to the basic conditions in question to place said Act into operation, that it was incumbent upon the plaintiff to establish that the Department of Labor and Industry had established and promulgated such rules and regulations, and that defendant had violated the statute by failing to comply

---

[2] "The Department of Labor and Industry shall have the power and its duty shall be to make, alter, amend, and repeal rules and regulations for carrying into effect all the provisions of this act, and applying such provisions to specific conditions." Act 1937, May 18, P. L. 654, §12 (43 P.S. §25-12) (Footnote added).

with said rules and regulations. The plaintiff did not do so."

We, of course, will not reverse the grant or refusal of a new trial, absent a clear abuse of discretion or error of law which controlled the outcome of the case. *Connolly v. P.T.C.*, 420 Pa. 280, 216 A. 2d 60 (1966); *Firestone v. Schmehl*, 420 Pa. 644, 218 A. 2d 324 (1966). Here we find no such abuse or error. The charge of the trial court, viewed in its entirety, correctly submitted the issues to the jury.

The outcome of the case was more likely influenced by attacks upon appellant's credibility than by any error of law. The opinion of the court below indicates one area where appellant's credibility was severely shaken, as follows: "The testimony as to the nature and extent of his injuries was not borne out by the records of the clinic where he was treated for said injuries, and moving pictures shown to the jury by the defendant presented to the jury in sharp focus the question of plaintiff's credibility. Said movies showed him carrying heavy furniture, unaided and walking rapidly, without any impediments, in contrast to his assertions of disability."

Judgment affirmed.

Mr. Justice COHEN and Mr. Justice EAGEN concur in the result.