# McIntosh, Appellant, *v.* Pittsburgh Railways Company.

124

Argued October 4, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alan Frank,* for appellant.

*Con F. McGregor,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

In 1955 appellant had the misfortune of being convicted of committing the felony of pandering. In 1962 he suffered the further misfortune of being hit from the rear by one of appellee's trolley cars. In 1967 appellee was permitted to introduce evidence of appellant's pandering conviction to impeach the credibility of appellant, who was testifying in his own behalf in his trespass suit against appellee. Appellee received a verdict, appellant's motion for a new trial was denied and appellant has appealed.

We are hard put to understand what relevance appellant's twelve year old pandering conviction could have in helping a jury ascertain whether his description of a trolley collision was true. After being released from prison appellant for eight years had apparently led an exemplary life. It seems unfair to plague appellant with his prior misdeeds in any way

at all at this point. Certainly it is unfair to handicap him in an attempt to make a damage recovery which might properly be due him. Appellant has been punished once for his crime. If that is not sufficient, and should appellant once again violate the law, the criminal process is quite capable of dealing with his misconduct.

The logical connection between pandering and not testifying truthfully in auto accident litigation twelve years later completely escapes us. It would be surprising if any statistical correlation at all could be found between panders of twelve years ago and witness-stand liars today. Indeed it is difficult to see why someone who was convicted of pandering twelve *days* ago necessarily would be more likely to lie on the witness stand than any other randomly chosen citizen. If there is any connection at all, its probative value is so slight as to be clearly outweighed by the prejudice created.

In recent years enlightened legal thought has moved away from the result which appellee urges here. Both Model Code of Evidence Rule 106(1)(b) and Uniform Rule of Evidence 21 make inadmissible evidence of the conviction of a crime "not involving dishonesty or false statement." *Accord,* McCormick, Evidence §43 at 91. The Comment to the Uniform Rule states the Rule's aim as preventing the "smearing rather than discrediting" of the witness.* This rationale applies well here. Had appellant been a convicted perjurer, that fact might be relevant to a determination of his credibility, but his twelve year old pandering conviction hardly serves that purpose.

---

* It should be remembered that the rule which appellee urges would apply not only to litigants but also to witnesses with no interest in the case, testifying only to fulfill their duty as citizens or perhaps against their will under subpoena.

Appellee argues that the admission of this evidence is to be left to the discretion of the trial judge. Here however where we can see no probative value at all to this evidence, we cannot permit its admission to stand. Furthermore, the reasoning of the case cited by appellee to support its position, *Keough v. Republic Fuel and Burner Co.*, 382 Pa. 593, 116 A. 2d 671 (1955) is questionable at best. *Keough* relied on the general Standard Model Code of Evidence Rule 303 to support its rule of discretionary decision by the trial judge. It is clear however that the Model Code in this situation utilizes Rule 106, supra.

The judgment of the Court of Common Pleas of Allegheny County is reversed and a new trial awarded.

Mr. Justice MUSMANNO did not participate in the decision of this case.