**Andy WOUNICK, Appellant,**

v.

**John M. HYSMITH.**

**Nos. 17988–9.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 5, 1970.

Decided March 30, 1970.

As Amended April 8, 1970.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Robert E. Wayman, Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for appellee.

Before FREEDMAN, ALDISERT and GIBBONS, Circuit Judges.

874

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

These appeals are from adverse judgments in two actions consolidated for jury trial in the district court. The action for maintenance and cure was dismissed by the court at the conclusion of the plaintiff's case [1] and the other, brought under the Jones Act, 46 U.S.C.A. § 688, for negligence and under the maritime law for unseaworthiness, resulted in a defense verdict.[2]

Appellant was employed for two years as a seaman on appellee's river towboat, *M/V Sara*. His employment duties included unloading barge cargoes of gravel, sand, coal, fuel oil and gasoline. On occasion, it was necessary for him to enter the holds of fuel barges to start pumping engines with ether or gasoline. As a result of this activity he was allegedly compelled to inhale fumes which had accumulated in the hold. In addition, appellant claimed that he inhaled the towboat engine's diesel oil fumes which permeated the living quarters of the crew.

Although appellant ceased work on the *M/V Sara* in April, 1965, a physician who examined him in 1966 expressed the opinion that appellant's disability, emphysema, could have been precipitated during the period of his exposure to "diesel fumes, the dust, sand, coal, oil" aboard the *M/V Sara*. Appellant contends that this testimony was sufficient to establish a prima facie case for maintenance and cure, and that the court below erred in dismissing the action on the grounds that proof of some "specific determinable and ascertainable event" was necessary.

■ In Gooden v. Sinclair Refining Co., 378 F.2d 576 (3 Cir. 1967), this court held that a seaman was entitled to recover maintenance and cure from a former employer even though he worked for another vessel after leaving the first

employer. Moreover, a seaman who is entitled to recover maintenance and cure for conditions existing on the first vessel has the right to do so against either vessel or both. Since the medical expert testified in the court below that appellant could have developed emphysema during his employment on the *M/V Sara* and since emphysema is a disability which by its very nature is not induced by an isolated and ascertainable event, it was error to dismiss the complaint rather than allow the action to proceed to a final determination by the fact-finder.

■ Moving to the appeal from the jury's verdict, we are not persuaded by the several allegations of error advanced. First, appellant impugns the trial court's refusal to admit evidence that the *Sara's* engines were defective. We note, however, that there was no allegation in the complaint nor at pre-trial that the damaging fumes emanated from a defective engine. Under these circumstances, permitting the assertion of this new position at trial "would impair the efficacy of the pretrial conference procedure and would have been manifestly unfair" to the defense. Wiggins v. City of Philadelphia, 331 F.2d 521, 526 (3 Cir. 1964). See also Tromza v. Tecumseh Products Co., 378 F.2d 601 (3 Cir. 1967).

Appellant also contends that it was improper to receive evidence of a ten-year-old felony conviction for receiving stolen goods which was introduced to impeach the credibility of a liability witness. Primary support for this position is placed on McIntosh v. Pittsburgh Rys. Co., 432 Pa. 123, 247 A.2d 467 (1968), a case in which Pennsylvania's Supreme Court disapproved the introduction of a prior pandering conviction, suggesting that evidence of prior offenses, even though felonies, was admissible only if "involving dishonesty or false statement."

■ This court noted in United States v. Evans, 398 F.2d 159, 164 (3 Cir.

---

1. Appeal No. 17989.

2. Appeal No. 17988.

1968) that: "In this circuit the rule has long been established that a conviction which may be used to impeach a witness must be a crime which is a felony or a misdemeanor amounting to *crimen falsi.* See United States v. Montgomery, 26 F.2d 151, 155 (3 Cir.), cert. denied, 316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754 (1942). See also United States v. Klass, 166 F.2d 373, 376 (3 Cir. 1948)." The present action was governed strictly by federal statutory and maritime law, and under our rule evidence of the witness' prior felony conviction was admissible. Moreover, even assuming the applicability of the Pennsylvania standard to this non-diversity case, it seems obvious that conviction of the felony of receiving stolen goods necessarily involves "dishonesty," making the evidence admissible even under the *McIntosh* standard.[3] As to appellant's contention that the conviction was too remote in time to be probative and therefore admissible, it is the trial judge in whose discretion such evaluations are placed. No abuse of that discretion is apparent here. See United States v. Sireci, 419 F.2d 808 (3 Cir. 1969); United States v. Palumbo, 401 F.2d 270 (2 Cir. 1968).

Finally, we find no merit in appellant's contention that the trial judge erroneously equated unseaworthiness with negligence in his charge to the jury. We detect no such error in reviewing the charge as a whole. Kolman v. Jacoby, 419 F.2d 395 (3 Cir. 1969); Ridgway Nat'l Bk. v. N. American Van Lines, Inc., 326 F.2d 934 (3 Cir. 1964).

Accordingly, the judgment in favor of the appellee at No. 17988 will be affirmed. The judgment at No. 17989 will be reversed and the cause remanded for a new trial.

3. Were this a diversity case we would reach the same result. Given a conflict between a state's and the federal rules of evidence, the rule that would admit the evidence is the one to apply. Grossman v. U. S. Slicing Machine Company, 365 F.2d 687 (3 Cir. 1966). State rules of admissibility are controlling in the federal courts, state exclusionary rules are not, and evidence admissible under the first two tests of F.R.Civ.P. 43(a) must be received even though the state courts would hold otherwise. Rain v. Pavkov, 357 F.2d 506 (3 Cir. 1966); see also Pasternak v. Pan American Petroleum Corp., 417 F.2d 1292 (10 Cir. 1969).