442 F.2d 539
 Stewart E. MILLARD, Administrator of the Estate of Stephen Dudash, Deceased, Appellant
v.
The MUNICIPAL SEWER AUTHORITY OF the TOWNSHIP OF LOWER MAKEFIELD and Gannett, Fleming, Cordrry & Carpenter, Inc.
v.
GEORGE TRIPP, INC.
 No. 19255.
 United States Court of Appeals, Third Circuit.
 Argued April 22, 1971.
 Decided May 6, 1971.
 
 Meyer A. Bushman, Philadelphia, Pa., for appellant.
 Richard J. van Roden, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellee, Municipal Sewer Authority, etc.
 Albert J. Schell, Jr., Post & Schell, Philadelphia, Pa., argued for appellees, Gannett, and others.
 Before SEITZ, ALDISERT and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Plaintiff appeals in this diversity action from a judgment entered on a jury verdict, which, through special interrogatories, absolved the original co-defendants of liability and found that the negligence of his employer, the third-party defendant, was the proximate cause of plaintiff's decedent's death,[1] 314 F.Supp. 1315.
 
 
 2
 He died of injuries received when struck by the boom or bucket of a backhoe while working in a sanitary sewer trench. Uncontradicted evidence disclosed that the operator of the equipment had ceased work for the day and had stowed the backhoe on solid ground near the trench. An oiler accidentally released the backhoe's braking mechanism, causing the bucket to fall into the trench and produce the fatal injuries. Plaintiff's decedent, the backhoe operator, and the oiler were employees of George Tripp, Inc.
 
 
 3
 Seven assignments of trial error are presented for our consideration. Five relate to the court's charge; we have carefully reviewed the court's charge as a whole and conclude that it fairly stated the applicable law in accordance with the evidence adduced at trial. We turn directly, therefore, to the remaining arguments.
 
 
 4
 During the examination of an expert witness, appellant made an abortive attempt to introduce certain statutory provisions of the Pennsylvania General Safety Law of 1937, 43 Purd.Stat. Anno. 25-1 et seq., specifically Section 25-2:[2]
 
 
 5
 * * * (c) All cranes, hoists, steam or electric shovels, plant railroads, and other apparatus or devices used for moving, lifting, lowering, and transporting material shall be designed, constructed, equipped, and operated as to eliminate dangerous conditions.
 
 
 6
 * * * * * *
 
 
 7
 * * * (f) All pits, quarrys, mines and other coal mines, trenches, excavations, and similar operations shall be properly shored, braced and otherwise guarded, operated and conducted as to provide reasonable and adequate protection to workers employed therein.
 
 
 8
 Appellant contends that the court's action in excluding the offer constituted prejudicial error because it forced him to rely on general principles of common law negligence by denying him the benefit of Pennsylvania's time-honored rule that a violation of a statute may be negligence per se upon which liability may be grounded if such negligence is the proximate and efficient cause of the incident. Kaplan v. Philadelphia Transportation Co., 404 Pa. 147, 171 A.2d 166 (1961). We have concluded that the trial court did not err. Even if this statute were considered self-executing, there would be difficulty relating the cited provisions to appellant's evidence. Section 25-2(f) is designed to protect against "cave-ins." At trial and on appeal, appellant conceded that neither the incident nor the injuries were caused by a "cave-in." Section 25-2(c) merely states that a crane "shall be designed, constructed, equipped, and operated as to eliminate dangerous conditions." Here the evidence showed that the equipment was not being operated; it was stowed for the night; and the bucket was caused to move only through the oiler's accidental release of the brake.
 
 
 9
 But appellant failed to hurdle an even more formidable barrier. Matulonis v. Reading Railroad Co., 421 Pa. 230, 219 A.2d 301, 303 (1966), requires a plaintiff who relies on the provisions of the Pennsylvania General Safety Act of 1937 "to establish that the Department of Labor and Industry had established and promulgated * * * rules and regulations [placing the Act into operation], and that defendant had violated the statute by failing to comply with the said rules and regulations." The Pennsylvania Supreme Court in Matulonis flatly held that the Act is not self-executing and that Section 25-12 "required the Department of Labor and Industry to promote rules and regulations applicable to the basic conditions in question to place the said Act into operation." The district court was required to, and did, accept the substantive law of the forum state as promulgated by Pennsylvania's highest court. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).[3]
 
 
 10
 The district court properly refused appellant's request to inform the jury that he had no right of recovery against the third-party defendant. Under Fed.R.Civ.Pro. 14, a third party may be joined only on the theory that he "is or may be liable to [the original defendant] for all or part of the plaintiff's claim against him." It is no longer possible, as it was prior to the 1948 amendment to this rule, to implead a third party claimed to be solely liable to the plaintiff. Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62, 66 (3 Cir. 1971).
 
 
 11
 Where, as here, the court required the jury "to return only a special verdict in the form of a special written finding upon each issue of fact," Fed.R. Civ.Pro. 49, it was not necessary that the jury be instructed that the third party's liability was limited to that of liability over to the original defendant. The trial court requested that the jury make separate findings as to the negligence of each of the two defendants and the third-party defendant. In framing the questions, the court identified each party by name only without referring to its formal status. Because the jury made special findings that only Tripp was negligent, the court was not confronted with the responsibility of returning the matter to the jury for consideration of the question of liability of the third-party defendant vis-à-vis the original defendants-third-party plaintiffs. What remained after the rendition of the special findings was a molding of the verdict as a matter of law. This was for the court and not the fact finder.[4]
 
 
 12
 The judgment of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 1. Do you find that the Municipal Sewer Authority of the Township of Lower Makefield was negligent? Yes or No
 No.
 
 
 [2]
 If you answered "Yes," was their negligence the proximate cause of this accident? Yes or No
 ____
 
 
 [3]
 Do you find that the Engineers Gannett, Fleming, Cordrry, and Carpenter, Inc. were negligent? Yes or No
 No.
 
 
 [4]
 If you answered "Yes," was their negligence the proximate cause of this accident? Yes or No
 ____
 
 
 [5]
 Do you find that the Contractor George Tripp, Inc., was negligent? Yes or No
 Yes.
 
 
 [6]
 If you answered "Yes," was their negligence the proximate cause of this accident? Yes or No
 Yes.
 
 
 [7]
 If you answered Questions 2, 4 or 6 "Yes," in what amount do you assess damages?
 (a) Under the Wrongful Death Act.
 $46,100.
 (b) Under the Survival Act.
 $30,000.
 
 
 [2]
 Because of the view we take of this case, we do not reach the question whether substantive law which purports to govern liability may be properly introduced in the manner attempted at trial by this appellant
 
 
 [3]
 Although the appellant now argues he was precluded from introducing such regulations — if it can be said that such in fact do exist — the record does not support his contention. Contrariwise, it discloses that he proceeded as if the statute were self-executing. Counsel for one of the original defendants raised this precise question:
 "Your Honor, I think this statute has to do with excavation and the rules and regulations promulgated by the Department of Labor and Industry. Does it not?" Mr. Bushman (counsel for appellant): "No, it does not. It is a statute of the Commonwealth of Pennsylvania. It is a statute, pure and simple. * * *"
 
 
 [4]
 The use of the special verdict also cured any objections raised by the appellant to the charge on concurrent negligence. Had the jury been instructed to return a general verdict without any special findings, the court would have been required to give a more specific charge on the joint or several negligence of the original co-defendants and a precise instruction that only if either or both of the original co-defendants were found liable, could liability attach to the third-party defendant, and this only on the theory of liability over