Eugene P. MOORE, Appellant,

v.

SYLVANIA ELECTRIC PRODUCTS, INC., a corporation

v.

KEYSTONE ELECTRIC CONSTRUCTION CO., Third Party Defendant.

No. 19560.

United States Court of Appeals, Third Circuit.

Argued Dec. 9, 1971.

Decided Jan. 6, 1972.

Cyril D. Brain, Pittsburgh, Pa., for appellant.

John G. Gent, Quinn, Plate, Gent Buseck & Leemhuis, Erie, Pa. (Robert G. Huhta, Erie, Pa., on the brief), for appellee.

Before McLAUGHLIN, ALDISERT and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

Plaintiff's diversity action appeal from the district court's direction of a verdict for defendant questions whether the court erred in failing to find a *prima facie* case of liability and in refusing to consider an alleged violation of the Pennsylvania Health and Safety Act of May 18, 1937, P.L. 654, 43 Pa.Stat.Anno. § 25–1, et seq. The appeal also raises the question of abuse of discretion in pretrial rulings.

■ Plaintiff, an electrician, alleged that he was injured when he fell three feet from a ladder after being overcome by "noxious fumes" while working in a room under construction for Sylvania Electric. He introduced testimony that the room was hot, was poorly ventilated, and that there were odors from fresh paint and from the installation of floor tiling. Although Sylvania owned the property, it had let the construction work to a prime contractor, an electrical contractor, and a heating contractor. Thus, we do not reach the issue of whether plaintiff's evidence was sufficient to prove proximate cause because we are convinced that plaintiff failed to prove that Sylvania was sufficiently in control of the premises so as to impose liability for negligence. Fisher v. United States, 441 F.2d 1288 (3d Cir. 1971); Crane v. I. T. E. Circuit Breaker Co., 443 Pa. 442, 278 A.2d 362 (1971); Hader v. Coplay Cement Mfg. Co., 410 Pa. 139, 189 A.2d 271 (1963).

■ Plaintiff argues that his trial counsel was not sufficiently familiar with the case at the time he entered his appearance fifteen months after plaintiff's prior counsel filed the complaint. It is his contention that although a pretrial hearing had already been conducted, new counsel's request for additional time for discovery should have been granted. We find no merit to this argument. We note that the court did in fact permit a supplemental pretrial statement to be filed on October 28, 1970, and conducted a supplemental pretrial conference on November 4, 1970. We can find no abuse of discretion here.

■ At trial plaintiff sought to impose liability on two grounds—a statutory violation suggesting negligence *per se* and common law negligence. Contending that the trial court erred in preventing him from introducing the provisions of the Pennsylvania Health and Safety Act, *supra*, appellant infers that this exclusion constituted prejudicial error "because it forced him to rely on general principles of common law negligence by denying him the benefit of Pennsylvania's time-honored rule that a violation of a statute may be negligence *per se* upon which liability may be grounded if such negligence is the proximate and efficient cause of the incident. Kaplan v. Philadelphia Transportation Co., 404 Pa. 147, 171 A.2d 166 (1961)." Millard v. Municipal Sewer Authority, 442 F.2d 539, 541 (3d Cir. 1971). This argument, however, is without merit. At pretrial, plaintiff represented that he would not be relying upon a violation of a statute to prove negligence:

> The Court: [A]nd as I understand it, there is no allegation of violation of ordinances like Department of Labor regulations or any other statutory or quasi-statutory regulations.

Plaintiff's Counsel: No. Because I anticipated that probably I would get into some difficulty.

 Although now asserting that he is not bound by this position because of a change in trial counsel, we believe that the dictates of orderly trial procedure compel him to adhere to those theories he adopted at pretrial. F.R.C.P. 16 states:

> The court shall make an order which recites . . . the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of action, unless modified at the trial to prevent manifest injustice.

Whether to admit evidence supportive of a theory not disclosed during pretrial is a matter peculiarly within the discretion of the trial judge. In Ely v. Reading Co., 424 F.2d 758 (3d Cir. 1970), this court stated:

> One of the main purposes of the pretrial conference is to formulate the issues to be litigated to aid the parties in preparation for trial. If counsel are permitted to change the positions taken at pretrial obviously the effectiveness of this procedure is destroyed. For this reason the pretrial order is generally binding on the parties. It cannot be modified without the permission of the court and a showing of manifest injustice. The decision of whether or not to permit a change is within the discretion of the trial judge. Appellate interference with this discretion should be kept at a minimum. It should only be exercised where there is a clear abuse of discretion.

424 F.2d at 763–764. See also Wounick v. Hysmith, 423 F.2d 873, 874 (3d Cir. 1970). There was no abuse of discretion in this case.

 Putting aside this question of estoppel, we find that the court did not err in refusing to consider the substantive provisions of the Pennsylvania Health and Safety Act. In Millard v. Municipal Sewer Authority, *supra,* 442 F.2d at 541, we noted that this Act is not self-executing, and that "Matulonis v. Reading Railroad Co., 421 Pa. 230, 219 A.2d 301, 303 (1966) requires a plaintiff who relies on the provisions of the Pennsylvania General Safety Act of 1937 'to establish that the Department of Labor and Industry had established and promulgated . . . rules and regulations [placing the Act into operation], and that defendant had violated the statute by failing to comply with the said rules and regulations.' "

If indeed such rules and regulations exist, plaintiff made no offer to introduce them.

 We have carefully considered all other contentions presented in this appeal and find them to be devoid of merit.[1]

The judgment of the district court will be affirmed.

---

[1]. In any event, we perceive a jurisdictional problem in the complaint. It is proper for this court to inquire into the jurisdictional prerequisites *sua sponte.* Shahmoon Industries, Inc. v. Imperato, 338 F.2d 449 (3d Cir. 1964); F.R.C.P. 12(h)(3). Title 28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction in diversity actions. Section 1332(c) provides that a corporation shall be deemed to be a citizen of the state in which it is incorporated and in which it has its principal place of business. The court has not read this jurisdictional prerequisite in the disjunctive, but rather, has required complaints to include allegations of both the place of incorporation and the principal place of business of the corporate parties. Guerrino v. Ohio Casualty Insurance Co., 423 F.2d 419 (3d Cir. 1970). The complaint here lacks any allegation as to where appellee maintains its principal place of business.
Kane v. Ford Motor Co., 450 F.2d 315, 317 (3d Cir. 1971).