**UNITED STATES of America**

v.

**John A. GREELEY, Appellant in No. 72–1376, and Ronald F. Greeley.**

**Appeal of Ronald F. GREELEY, in No. 72–1377.**

**Nos. 72–1376, 72–1377.**

United States Court of Appeals, Third Circuit.

Argued Oct. 30, 1972.

Decided Dec. 14, 1972.

Robert A. Abrams, Newark, N. J., and Charles DeFazio, III, DeFazio & DeFazio, Hoboken, N. J., for appellants.

Joseph M. Epstein, Asst. U. S. Atty., Newark, N. J., for appellee.

Before KALODNER, ADAMS and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

These appeals are from judgments of conviction entered by the District Court pursuant to jury verdicts finding the defendant-appellants guilty of possession

of stolen goods, moving in interstate commerce, knowing them to have been stolen, in violation of 18 U.S.C.A. § 659.

On these appeals the appellants contend that the jury's verdicts were against the weight of the evidence and that acquittals should be directed. They also challenge as prejudicial error several of the trial judge's rulings on the admission of evidence and his instructions to the jury.

On review of the record we are of the opinion that the evidence adduced at the trial amply supported the jury's guilty verdicts and that the appellants' challenges to the trial judge's evidentiary rulings [1] and charge fail to demonstrate prejudicial error.

We do not subscribe to the contention of the appellant John Greeley that the trial judge abused his discretion in permitting the Government to cross-examine him, for impeachment purposes, with respect to his June 16, 1960 robbery conviction which resulted in his imprisonment until 1965. The contention is premised on two grounds: (1) remoteness of the conviction; and (2) its alleged prejudicial effect.

We need only say as to this contention, that we recently re-affirmed the rule in this Circuit that subject to certain limitations, inapplicable here, a felony conviction may be adduced to impeach the credibility of a witness. United States v. Gray, 468 F.2d 257 (decided October 3, 1972). Further, we have specifically held that a trial judge did not abuse his discretion in admitting, for impeachment purposes, evidence of a 10-year-old felony conviction of a witness. Wounick v. Hysmith, 423 F.2d 873 (1970).[2]

For the reasons stated the judgments of conviction will be affirmed.

1. The defendant-appellant Ronald Greeley's challenge to the trial judge's denial of his request for inspection of certain F.B.I. interview reports is without basis. The reports do not contain Jencks Act (18 U.S.C.A. § 3500), or exculpatory (Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)), material.

2. The Rules of Evidence for United States Courts and Magistrates, promulgated by the Supreme Court of the United States on November 20, 1972, to take effect on July 1, 1973, provide as follows:

"Rule 609. *Impeachment by Evidence of Conviction of Crime*

"(a) *General rule.*—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment.

"(b) *Time limit.*—Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction, whichever is the later date.

". . . ." 41 U.S.L.W. 4021, 4028.