## Commonwealth v. Childs

*Michael Riskin,* Assistant District Attorney, for Commonwealth.

*Thomas Houser,* for plaintiff.

PER CURIAM, September 4, 1973.—This case is before the court pursuant to defendant's motion in arrest of judgment or, in the alternative, a new trial.

Defendant was convicted, following a jury trial, before the Hon. Richard D. Grifo, for the crimes of receiving stolen property, possession of a motor vehicle with a defaced manufacturer's serial number, and attempting to procure a certificate of title to a stolen vehicle. At the trial, the prosecution called one Arthur Ringhoff, an accomplice of defendant. On cross-examination by defendant's counsel, an objection was raised by the prosecution to a question posed concerning Ringhoff's prior conviction for statutory rape. At the time of conviction, which occurred approximately eight and a half years prior to the trial of defendant, Ringhoff was 18 years old and had pleaded guilty to the charge. After due deliberation, the trial court sustained the prosecution's objection to the line of questioning and directed the jury to disregard the question. Defense counsel noted his exception, and the propriety of the ruling is now before us.

The Supreme Court of Pennsylvania considered a similar contention in Commonwealth v. Bighum, 452 Pa. 554, 307 A. 2d 255 (Jan. Term, 1971, No. 405, July 2, 1973), where defendant, accused of murder, argued that he was coerced not to testify on his own behalf by the deterrent of potential cross-examination concerning his prior conviction.[*] The court rejected

---

[*] Although Bighum was decided after defendant's trial, it nevertheless controls our decision. Bighum was a clarification of existing rules of evidence, not a change in those rules. See, e.g., McIntosh v. Pittsburgh Railways Co., 432 Pa. 123, 247 A. 2d 467 (1968). In addition, we look for guidance to even decisions which change the law, if handed down while the appeal is still pending, where, as here, there is no reason to deny retroactive effect to the decision: Kuchinic v. McCrory, 422 Pa. 620, 222 A. 2d 897 (1966).

this due process argument, and went on to explain the proper application of the rules of evidence concerning use of prior convictions for impeachment in the following language:

"Since the avowed purpose of using prior convictions in rebuttal is to cast doubt upon the defendant's veracity generally as a witness, it is important to limit the convictions so used to crimes involving dishonesty or false statement.

"Both Model Code of Evidence Rule 106(1)(b) and Uniform Rule of Evidence 21 make inadmissible evidence of the conviction of a crime 'not involving dishonesty or false statement.' Accord, McCormick, Evidence §43 at 91. The Comment to the Uniform Rule states the Rule's aim as preventing the 'smearing rather than discrediting' of the witness. McIntosh v. Pittsburgh Railways Co., 432 Pa. 123, 125, 247 A. 2d 467 (1968). Cf. Fed. R. Ev. 609. Convictions for crimes not in this category have no probative value in this regard."

Bighum involves the defendant as a witness; here, the credibility of a prosecution witness is in question, Impeachment of a defendant is particularly troublesome because of the potential that the jury will impute present guilt from past criminal conduct. But logic demands that the Bighum rule be extended to prosecution witnesses, since prior convictions not involving falsehood are as irrelevant to the credibility of a prosecution witness as to a defendant. Statutory rape, regardless of its other moral implications, involves neither dishonesty nor false statement. Therefore, the objection to testimony relating to a prior conviction for statutory rape was properly sustained by the court.

There is a related but distinct reason for affirming the ruling of the trial judge. Following the above-

quoted portion of Bighum, the Supreme Court of Pennsylvania observed:

". . . there are other factors in addition to the nature of the crime involved which may bear upon the probative value of a prior conviction. In Luck v. United States, 348 F. 2d 763 (D.C. Cir. 1965), the United States Court of Appeals for the District of Columbia Circuit spelled out some of these factors and permitted trial courts to exercise discretion in determining whether or not to admit prior convictions to impeach credibility. See also Weaver v. United States, 408 F. 2d 1269 (D.C. Cir. 1969) and cases cited in the appendix thereto.

"Rather than make the admissibility of such evidence turn solely on the nature of the specific conviction, we agree with the approach advocated in Luck. Some of the considerations mentioned in Luck were: the age and nature of the prior crimes; the length of the criminal record; the age and circumstances of the defendant; the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction."

It has long been the law of Pennsylvania that, "In determining what are relevant crimes to affect credibility, the question is ordinarily for the trial judge": Commonwealth v. Quaranta, 295 Pa. 264, 145 Atl. 89 (1928). In the instant case, the criminal conviction which was offered for impeachment was over eight years old, was committed while the witness was only 18 years old, and had little, if any, bearing on credibility. Under these facts, we cannot find that the trial judge abused his discretion in excluding evidence of the prior conviction.

Wherefore, the court enters the following

426

## ORDER OF THE COURT EN BANC

And now, to wit, September 4, 1973, defendant's motion in arrest of judgment or, in the alternative, for a new trial, is denied and dismissed.