HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff,

v.

PARENTE, RANDOLPH, ORLANDO, CAREY AND ASSOCIATES; Northeastern Bank of Pennsylvania; Kenneth J. Sebastianelli; Mary A. Jones; Joseph J. Palma; and Deborah Palma; Defendants.

NORTHEASTERN BANK OF PENNSYLVANIA, Third-Party Plaintiff,

v.

PEAT, MARWICK, MITCHELL & CO. and Old Forge Bank, Third-Party Defendants.

Civ. A. No. 85–0626.

United States District Court, M.D. Pennsylvania.

Oct. 1, 1985.

Donald G. Douglass, Bour, Gallagher, Foley, Cognetti, Cowley & Douglass, Scranton, Pa., Bruce L. Phillips, Venzie, Phillips & Warshawer, Philadelphia, Pa., for Hartford Acc. & Indem. Ins.

Morey M. Myers, Scranton, Pa., for Old Forge Bank.

John W. Frazier, IV, Richard G. Placey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., and John A. Shutkin, Asst. Gen. Counsel, Peat, Marwick, Mitchell & Co., New York City, for Peat, Marwick Mitchell & Co.

Joseph P. Lenahan, Scranton, Pa., for defendant Mary Jones.

Jered L. Hock, Metzger, Wickersham, Knauss & Erb, Harrisburg, Pa., for Parente, Randolph, Orlando, Carey and Associates.

Carlon M. O'Malley, Jr., Scranton, Pa., for Kenneth Sebastianelli.

C.H. Welles, IV, Welles & McGrath, Scranton, Pa., Rudolph Garcia, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for Northeastern Bank of Pa.

Jim Wade, Federal Public Defender, Harrisburg, Pa., for Joseph J. Palma.

## MEMORANDUM

CALDWELL, District Judge.

### I.  Introduction

Third party defendant, Peat, Marwick, Mitchell & Co. ("PMM") has moved, pursuant to Rule 12(b), to dismiss the third party complaint filed by Parente, Randolph, Orlando, Carey and Associates ("Parente, Randolph"). Parente, Randolph seeks contribution and indemnification from PMM on the basis that in performing accounting services for its client, Northeastern Bank of Pennsylvania ("Northeastern"), PMM breached its duty of professional responsibility. PMM contends, however, (1) that the complaint fails to state a claim for professional negligence and (2) that it was improperly joined as a third party defendant under Fed.R.Civ.P. 14. After consideration of the briefs of the parties and the relevant case law, we agree with PMM that the complaint must be dismissed.

### II.  Background

This action arises out of a complaint filed on May 7, 1985 by Hartford Accident and Indemnity Company ("Hartford") against the defendants to recover damages resulting from the embezzlement of approximately $2,000,000 from Old Forge Bank ("Old Forge") by Joseph Palma. Hartford, the insurer of Old Forge, indemnified Old Forge for its loss and now seeks recovery. In the original complaint, Hartford alleged that Parente, Randolph breached its duty of professional care to Old Forge by failing to discover Palma's defalcation and caused Old Forge's loss. The complaint also alleges that Northeastern, as the holder of Old Forge's depository account, is also liable for Old Forge's loss because it failed to monitor and safeguard the depository account. In response to Hartford's complaint, Parente, Randolph filed a third party complaint against PMM on June 27, 1985 alleging that PMM is liable for any losses which it may sustain as a defendant in the Hartford action. More specifically, Parente, Randolph contends that the failure of PMM, as Northeastern's auditor, to discover the misappropriation by Palma constituted professional negligence.

### III.  Discussion

#### A.  *Standard for Dismissal*

When considering a motion to dismiss a complaint pursuant to Fed.R.Civ.P. 12(b), we must accept all allegations in the com-

plaint as true, and must construe the complaint liberally in the light most favorable to the plaintiff. *Gomez v. Toledo,* 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921 n. 3, 64 L.Ed.2d 572, 575 n. 3 (1980); *Jennings v. Shuman,* 567 F.2d 1213, 1216 (3d Cir.1977). With this in mind we will address the issues raised by PMM.

## B. *The Privity Requirement*

■ PPM argues that the complaint fails to state a claim for professional negligence because PMM had no contractual relationship with either Old Forge or Parente, Randolph. PMM contends that under Pennsylvania law a claim for professional malpractice may not be maintained unless there is privity between the parties. We agree.

Pennsylvania courts have long held that privity between parties is required to maintain an action for professional negligence. In *Landell v. Lybrand,* 264 Pa. 406, 107 A. 783 (1919), the Pennsylvania Supreme Court determined that a non-privy plaintiff could not sustain a professional negligence action against an accountant. The court found that:

> There were no contractual relations between the plaintiff and defendants, and, if there is any liability from them to him, it must arise out of some breach of duty,.... The averment in the statement of claim is that the defendants were careless and negligent in making their report; but the plaintiff was a stranger to them and to it, and, as no duty rested upon them, they cannot be guilty of any negligence of which he can complain.

*Id.* at 408, 107 A. at 783 (citations omitted).

More recently in *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983) the Pennsylvania Supreme Court reaffirmed the privity requirement, concluding that a plaintiff cannot sustain an action for professional negligence. Although that case concerned allegations of legal malpractice, the court addressed the issue in broader terms, stating that "important policies require privity (an attorney-client or *analogous professional relationship, or a specific under-*

*taking* ) to maintain an action in negligence for professional malpractice...." *Id.* at 51, 459 A.2d at 746 (emphasis added). The court noted that negligence concepts of duty and foreseeability are inapplicable to professional negligence actions:

> As appellants aptly point out, "professional services are not like a mass-produced product whose design and manufacture impact equally on all ultimate users. To the contrary, professional services must be carefully crafted to meet the needs of individual clients."

*Id.* at 58, 459 A.2d at 750.

The *Guy* court also noted with approval the policy considerations addressed in *Ultramares Corp. v. Touche,* 255 N.Y. 170, 174 N.E. 441 (1931). In *Ultramares* creditors of a corporation brought a negligence action against the auditors of the corporation for professional negligence. The court denied the creditor's claim on the grounds that in the absence of the privity limitation, accountants would be liable "in an indeterminate amount for an indeterminate time to an indeterminate class." *Id.* at 185–187, 174 N.E. at 446–447. This reasoning "and the history in California, following its abolition of the privity requirement in negligence suits arising out of agreements to provide professional services," 501 Pa. at 58, 459 A.2d at 750, persuaded the *Guy* court to preserve the privity requirement in malpractice actions based on negligence.

Finally, in *Safeco Insurance Company of America v. Stockton Bates & Co.,* No. 83–6207 (E.D.Pa.1985) [Available on WEST-LAW, DCTU database], a professional negligence action similar to the one before us, the court dismissed the plaintiff's claim for lack of privity. In that case, a surety bonding company, which wrote performance bonds for a corporation in reliance upon financial statements audited by an accounting firm sued the firm for its losses, alleging that it negligently audited the financial statements. The court, citing *Landell* and *Guy* granted summary judgment to the defendant on the grounds that there was "no indication that the Supreme Court of Pennsylvania is about to abolish its privity requirement for negligence ac-

tions alleging malpractice by accountants." *Id.* at 3.

In support of its position that privity between the parties is not necessary, Parente, Randolph relies primarily upon two cases, *Robert Wooler Co. v. Fidelity Bank,* 330 Pa.Super. 523, 479 A.2d 1027 (1984) and *Coleco Industries, Inc. v. Berman,* 423 F.Supp. 275 (E.D.Pa.1976). We find, however, that these cases are inapposite. In *Wooler,* the third party plaintiff brought a claim against Wooler's accountant who failed to discover the fraudulent acts of certain Wooler employees. There the parties were in privity and therefore it does not bear on the issue before us. Parente, Randolph's reliance upon *Coleco* is equally misplaced because the court applied New Jersey, and not Pennsylvania, law.

As the previous cases clearly indicate, privity is required to maintain an action for professional negligence. In the present case, Parente, Randolph has failed to allege that PMM had a relationship with either Old Forge or Parente, Randolph and therefore it fails to state a claim for professional negligence.

## C. *Joinder Under Fed.R.Civ.P. 14(a)*

PMM also argues that the third party complaint should be dismissed on the grounds that its joinder violates Rule 14. It contends that Rule 14 prohibits joinder where the third party defendant is alleged to be solely liable to the original plaintiff. Parente, Randolph argues that PMM's joinder was proper because it has alleged joint and secondary liability.

Third party practice is governed by Rule 14 which provides in pertinent part:

(a) **When Defendant May Bring in Third Party.** At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable *to him* for all or part of the plaintiff's claim against him. (emphasis added).

It is well settled that Rule 14 does not permit a defendant "to implead a third party claimed to be solely liable to the plaintiff." *Barab v. Menford,* 98 F.R.D. 455 (E.D.Pa.1983); *Millard v. Municipal Sewer Authority of the Township of Lower Makefield,* 442 F.2d 539 (3d Cir.1971). Thus, a third party plaintiff must allege facts sufficient to establish derivative or secondary liability. *Tesch v. United States,* 546 F.Supp. 526 (E.D.Pa.1982).

Applying this analysis we conclude that PMM was improperly joined as a third party defendant because Parente, Randolph has failed to adequately allege that PMM is secondarily or derivatively liable. In the instant case, Parente, Randolph has alleged only that "the responsibility for such conduct or neglect [failure to detect Palma's defalcations] rests upon third-party defendant Peat, Marwick and not upon Parente, Randolph, and it is further averred that such conduct or neglect was the cause of any losses which may be proved in this case." As previously noted such allegations are improper under Rule 14. After reviewing the complaint, we find that, contrary to Parente, Randolph's contention, the complaint is devoid of any allegations concerning secondary or derivative liability. Based upon this additional consideration the third party complaint cannot stand.

An appropriate order will be entered.