PENNINE RESOURCES, INC., Plaintiff,

v.

DORWART ANDREW & COMPANY
and W. Scott Stoner, Defendants,

v.

KMG MAIN HURDMAN, et al., Third
Party Defendants.

Civ. A. No. 85–6308.

United States District Court,
E.D. Pennsylvania.

July 10, 1986.

Andrew C. Hecker, Jr., Philadelphia, Pa., William H. Black, for Dorwart Andrew & Co. and W. Scott Stoner.

John W. Frazier, IV, Richard G. Placey, Natalie D. Ramsey, Montgomery McCracken Walker & Rhoads, Philadelphia, Pa., for KMG Main Hurdman.

Robert W. Lentz, Lentz Cantor Kilgore & Massey, Ltd., Paoli, Pa., for Former Shareholders of Dutchmaid.

William M. Young, Jr. and David E. Lehman of McNees, Wallace & Nurick, Harrisburg, Pa., for plaintiff.

## OPINION

CAHN, District Judge.

Third-party defendants, KMG Main Hurdman (a public accounting firm) and James R. Nace (collectively, "Main Hurdman") filed a motion to dismiss the third-party complaint of Dorwart Andrew & Company (a public accounting firm) and W. Scott Stoner (collectively, "Dorwart Andrew"). For the reasons set forth below, the third-party defendants' motion will be granted in part and denied in part.

This action arises out of the sale of Dutchmaid, Inc. stock to plaintiff Pennine Resources, Inc. ("Pennine"). Pennine filed an amended complaint in December of 1985. That complaint alleges that, in connection with its purchase of Dutchmaid stock, Pennine relied on financial statements that overvalued Dutchmaid's inventory by in excess of $2,000,000. Prior to closing the stock purchase agreement, Pennine hired Dorwart Andrew as auditors to express an opinion about Dutchmaid's financial statements. Dorwart Andrew, outside accountants to Dutchmaid, furnished information to Pennine regarding Dutchmaid's financial condition. The amended complaint alleges that Dorwart Andrew was negligent and breached its contract with Pennine by failing to discover and report the overvaluation of Dutchmaid's inventory.

In March of 1986, Dorwart Andrew filed a third-party complaint against Main Hurdman. That complaint alleges that Pennine also engaged Main Hurdman to perform certain accounting services for Pennine in connection with Pennine's purchase of Dutchmaid stock. Dorwart Andrew claims that Main Hurdman knew or should have known, prior to the closing of the stock purchase agreement, of any alleged errors or omissions in Dutchmaid's financial statements. Dorwart Andrew seeks contribution and/or indemnity from Main Hurdman based on Main Hurdman's alleged negligence and breach of contract in providing accounting services to Pennine.

Main Hurdman filed a motion to dismiss Count I of Dorwart Andrew's third-party complaint [1] pursuant to Federal Rules of Civil Procedure 12(b)(6) and 14(a). In deciding a motion under Rule 12(b)(6), factual allegations contained in the complaint are to be taken as true, and the court should dismiss the complaint only if it appears to a certainty that no relief could be granted under any set of facts that could be proved. The court will draw reasonable factual inferences to aid the pleader. *D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984). Main Hurdman's motion sets forth several arguments as to why Dorwart Andrew's complaint should be dismissed.

First, Main Hurdman argues that it cannot be liable to Dorwart Andrew for professional negligence in the absence of privity between it and Dorwart Andrew. Dorwart Andrew does not argue that privity exists between it and Main Hurdman. Nor does Dorwart Andrew dispute that privity is a requirement in a *direct* action against an accountant for professional negligence. *See Safeco Insurance Company of America v. Stockton Bates & Co.*, No. 83–6207 (E.D.Pa. June 12, 1985) [Available on WESTLAW, DCTU database] (applying Pennsylvania law).[2] Dorwart Andrew as-

[1] Count I is the only count of the third-party complaint that involves Main Hurdman.

[2] Both parties apparently agree that Pennsylvania law is to be applied in resolving the issues that this case presents.

serts, however, that its third-party complaint states a claim for contribution and/or indemnity, rather than a direct claim, against Main Hurdman. Dorwart Andrew further argues that, as a joint tortfeasor or as a defendant only secondarily liable, privity between it and Main Hurdman is not required to state a claim, as long as privity exists between Main Hurdman and plaintiff Pennine. I agree with Dorwart Andrew's position.

In support of its argument Main Hurdman relies on *Hartford Accident and Indemnity Co. v. Parente, Randolph, Orlando, Carey and Associates,* 642 F.Supp. 38 (M.D.Pa.1985) (applying Pennsylvania law).[3] In that case, Old Forge Bank's Insurance Company ("Hartford") as subrogee, sued Old Forge's auditors ("Parente Randolph") for professional negligence in failing to discover certain defalcations from Old Forge's depository account. Hartford also sued Northeastern Bank, as holder of Old Forge's depository account, for failure to monitor and safeguard the account. Parente Randolph then filed a third-party complaint against Peat, Marwick, Mitchell & Co. ("PMM"), Northeastern's auditor, alleging that PMM was liable to Parente Randolph for contribution and indemnity for professional negligence in failing to discover the defalcations. The court granted PMM's motion to dismiss, holding that a claim for professional malpractice cannot be maintained absent privity. The court stated: "Parente, Randolph has failed to allege that PMM had a relationship with *either* Old Forge *or* Parente, Randolph and therefore it fails to state a claim for professional malpractice." *Id.* slip op. at 6–7 (emphasis added).

In *Hartford,* as in this case, privity does not exist between the defendant and the third party defendant. Unlike the *Hart-*

*ford* case, however, privity does exist between the third-party defendant and the plaintiff in this case. Therefore, the *Hartford* decision does not necessarily suggest that Dorwart Andrew's third-party complaint be dismissed because of a lack of privity between Dorwart Andrew and Main Hurdman. In fact, the opinion in *Hartford* could be read to support Dorwart Andrew's complaint in this case.

Neither party disputes the fact that privity exists between Main Hurdman and Pennine. I find that this privity suffices to support a third-party claim for contribution or indemnity.[4] Privity must exist between the plaintiff and the third-party defendant (or between the defendant and the third-party defendant) for a claim to be stated. Thus, the defendant cannot initiate and maintain a direct suit against the third-party defendant in the absence of privity between them. The defendant, however, can respond to the plaintiff's suit by impleading the third-party defendant, as long as the third-party defendant is in privity with the plaintiff. The plaintiff could have sued such third-party defendants initially if the plaintiff had so chosen. Impleader allows the defendant to bring into the case those parties who may be jointly or primarily liable to the plaintiff. This approach fosters efficient judicial administration.

The privity requirement in the professional negligence situation operates to limit those persons to whom the duty of care runs. By pleading a claim for contribution and indemnity, the defendant asserts that the third-party defendant is partially or fully liable to the defendant for breaching a duty owed to the plaintiff, not for breaching a duty owed to the defendant. Therefore, it is logical to require that privity need only run between the third-party de-

---

**3.** Main Hurdman also relies on several cases in which the court dismissed direct claims for professional negligence because of a lack of privity. However, because those cases involve direct claims, rather than claims for contribution or indemnity, they do not dictate a dismissal of defendants' claims in this case.

**4.** If, as in this case, the Pennsylvania Supreme Court has not articulated the law applicable under the immediate circumstances of the case, I must predict what rule it would apply. *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165, 1167 (3d Cir.1981). I predict that Pennsylvania would permit defendants' claims to proceed given the privity that exists in this case.

## 1074

fendant and the plaintiff. Similarly, it is logical that no privity need exist between the defendant and the third-party defendant, because no duty of care runs between those parties.

■ Main Hurdman's second argument is that Dorwart Andrew has not sufficiently pleaded a claim upon which Dorwart Andrew and it are jointly liable or a claim upon which it is primarily liable while Dorwart Andrew is only secondarily liable.[5] The question that this argument presents is whether Dorwart Andrew's third-party complaint states a claim for contribution or indemnity.[6]

Main Hurdman argues that Dorwart Andrew's third-party complaint fails to set forth any joint undertakings or conduct and, therefore, that the complaint fails to state a claim for contribution. Under Pennsylvania law a right of contribution arises only between joint tortfeasors. *Lasprogata v. Qualls,* 263 Pa.Super. 174, 178 n. 2, 397 A.2d 803, 805 n. 2 (1979). Contribution requires that each joint tortfeasor pay his or her pro rata share of the plain-

tiff's loss. A section of the Pennsylvania Uniform Contribution Among Tortfeasors Act defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. C.S. § 8322. Two actors are joint tortfeasors if their conduct "causes a single harm which cannot be apportioned ... even though [the actors] may have acted independently." *Capone v. Donovan,* 332 Pa. Super. 185, 189, 480 A.2d 1249, 1251 (1984) (*citing* Restatement [Second] of Torts § 879 [1977]). In *Lasprogata, supra,* the court defined joint tortfeasor by noting that " 'the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury. [A joint tort occurs] where two or more persons owe to another the same duty and by their common neglect such other is injured....' " 263 Pa.Super. at 179 n. 4, 397 A.2d at 805 n. 4 (*quoting* Black's Law Dictionary, 4th ed. [1968] at 973, 1661). In determining whether parties are separate or joint tort-

---

5. Impleader under Federal Rule of Civil Procedure 14(a) is procedural in nature. The rule does not in itself create a right of contribution or indemnity. Those rights must be recognized by the applicable substantive law, in this case Pennsylvania law. *Tesch v. United States,* 546 F.Supp. 526, 529 (E.D.Pa.1982).

6. Dorwart Andrew's third-party complaint states, in relevant part:

8. Nace and Main Hurdman were, on information and belief, engaged by Pennine in 1984 to perform certain accounting services for it which related to or concerned Pennine's acquisition of the shares of Dutchmaid, Inc., including, but not limited to:

(a) a review, prior to Pennine's closing on the Stock Purchase Agreement with the Dutchmaid shareholders, of all information in the files of Dorwart Andrew and Stoner which concerned Dutchmaid's June 30, 1984 financial statements;

(b) a review and investigation of Dutchmaid's inventory valuation practices; and

(c) an audit and/or review of the financial statements of Dutchmaid as of December 31, 1984.

9. Nace and Main Hurdman had, at all times material hereto, complete access to all relevant information regarding the financial

condition of Dutchmaid which was in the possession of, available to or obtainable by Dorwart Andrew and Stoner, including, but not limited to, specific information as to Dutchmaid's method of valuation of its inventory and the valuation of that inventory as of June 30, 1984.

10. Nace and Main Hurdman had ample opportunity, prior to January, 1985, to discuss with Dorwart Andrew and Stoner all aspects of Dutchmaid's June 30, 1984, financial statements and of the physical inventory which was taken in connection therewith, all aspects of Dutchmaid's December 31, 1983 financial statements and all aspects of the forecasted statements of Dutchmaid for 1985.

11. Nace and Main Hurdman knew or should have known, well in advance of the closing on the Stock Purchase Agreement, of any alleged errors or omissions in the June 30, 1984, Dutchmaid financial statements.

12. To the extent, if any, that Dorwart Andrew and Stoner may be held liable to Pennine for all or any of the claims which Pennine has asserted against them, then Nace and Main Hurdman are, as a result of their negligence and/or breach of contract with Pennine, solely liable to Pennine or liable over to Dorwart Andrew and Stoner for contribution and/or indemnity for any or all of the claims asserted in Pennine's Amended Complaint.

feasors, Pennsylvania courts consider several factors, including:

> the identity of a cause of action against each of two or more defendants; the existence of a common or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

*Voyles v. Corwin*, 295 Pa.Super. 126, 130–31, 441 A.2d 381, 383 (1982) (*citing Prosser, Law of Torts*, § 46 n. 2 [4th ed. 1971]). It has also been stated that a joint tort is not committed if the "acts of the [wrongdoers] are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff." *Lasprogata, supra*, 263 Pa.Super. at 179, 397 A.2d at 805; *see also Rabatin v. Columbus Lines, Inc.*, 790 F.2d 22, 26 (3d Cir.1986) (stating that actors may be joint tortfeasors because they could have guarded against each other's conduct or because their acts combined to produce a single indivisible harm).

Applying the Pennsylvania law outlined above, I find that Dorwart Andrew's third-party complaint states a claim for contribution against Main Hurdman. A review of the relevant factors makes it clear that, contrary to what Main Hurdman argues, an allegation of joint undertaking or conduct is not needed to state a claim for contribution. Rather, a claim for contribution may be stated even though the parties acted independently. The facts pleaded in the third-party complaint suggest that Main Hurdman and Dorwart Andrew acted independently. Those facts also indicate, however, particularly when read in conjunction with Pennine's amended complaint, that the parties may have breached a common duty and united in causing a single, indivisible injury to Pennine. The alleged acts are close in time, and similar evidence might support an action against both Main Hurdman and Dorwart Andrew. Furthermore, each actor may have had the opportunity to guard against the other's negligence. Therefore, certain of the allegations in the third-party complaint, if proven, could establish that Main Hurdman and Dorwart Andrew are joint tortfeasors. In reaching my holding, I am mindful of the standard for reviewing a motion to dismiss under Rule 12(b)(6) and of the liberal policy of the Federal Rules of Civil Procedure concerning notice pleading. *See* Fed.R.Civ.P. 8.

Main Hurdman also argues that Dorwart Andrew's third-party complaint fails to allege that Dorwart is secondarily liable on a claim for which Main Hurdman is primarily liable and, thus, fails to state a claim for indemnity. Under Pennsylvania law, "indemnity is available only from those who are primarily liable to those who are merely secondarily or vicariously liable." *TVSM, Inc. v. Alexander & Alexander, Inc.*, 583 F.Supp. 1089, 1091 (E.D. Pa.1984) (*citing Burch v. Sears*, 320 Pa.Super. 444, 457, 467 A.2d 615, 622 [1983]). Indemnity, if applicable, would shift the entire liability for plaintiff's loss from defendant Dorwart Andrew to third-party defendant Main Hurdman. Indemnity is "a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." *Builders Supply Co. v. McCabe*, 366 Pa. 322, 325, 77 A.2d 368, 370 (1951). Indemnity is typically appropriate, for example, in cases in which an employer is held liable for an employee's tortious acts. In determining whether liability is primary or secondary, courts focus on such factors as active or passive negligence and knowledge of or opportunity to discover or prevent the harm. *See id.* at 325–28, 77 A.2d at 370–72. Under Pennsylvania law, indemnity is not available if the indemnitee is actively negligent. *DiPietro v. City of Philadelphia*, 344 Pa.Super. 191, 195–96, 496 A.2d 407, 409–10 (1985).

■ I hold that the facts stated in Dorwart Andrew's third-party complaint do not suffice to state a claim for indemnity. Dorwart Andrew has alleged no contractual relationship or other legal obligation between it and Main Hurdman. The facts pleaded do not appear to be analogous to the typical indemnity situation. Nor has Dorwart Andrew brought to my attention any case involving facts similar to those pleaded here in which the court permitted a claim for indemnity. The negligence for which Dorwart Andrew is allegedly liable—a failure to discover an overvaluation in Dutchmaid's inventory—is passive in nature. The negligence for which Main Hurdman is allegedly liable, however, is also passive. Therefore, the active-passive distinction is not particularly helpful here in determining which party is primarily liable. A review of the facts set forth in the third-party complaint and in Pennine's amended complaint does not reveal that Main Hurdman is primarily liable while Dorwart Andrew is only secondarily or constructively liable.

■ Main Hurdman's final argument is that Dorwart Andrew's third-party complaint improperly avers that Main Hurdman is solely liable to plaintiff Pennine and, accordingly, that the third-party complaint is improper under Federal Rule of Civil Procedure 14. Rule 14(a) provides, in relevant part:

> [A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to *him* for all or part of the plaintiff's claim against him. (Emphasis added.)

Paragraph 12 of Dorwart Andrew's amended complaint states, in part, that Main Hurdman is "solely liable to Pennine...." It is well established that Rule 14 does not permit a defendant "to implead a third party claimed to be solely liable to the plaintiff." *Barab v. Menford,* 98 F.R.D. 455, 456 (E.D.Pa.1983); *see also Millard v. Municipal Sewer Authority of Lower Makefield,* 442 F.2d 539, 541 (3d Cir.1971);

*Hartford, supra,* slip op. at 7. Therefore, I will grant Main Hurdman's motion to dismiss Dorwart Andrew's claim that Main Hurdman is solely liable to Pennine.