**In re CITY OF PHILADELPHIA LITIGATION.**

No. 85–2745.

United States District Court, E.D. Pennsylvania.

June 12, 1989.

Carl Oxholm III, Deputy City Solicitor, Philadelphia, Pa., for defendants.

Harry Lore, Philadelphia, Pa., for third-party defendant Alphonso Africa.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

### I.

Presently before the court is third-party defendant Alphonso Robbins Africa's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment. In his motion, Africa contends that the City defendants' intentional "dropping [of] a bomb from a helicopter in a crowded urban environment" broke the chain of causation linking him to plaintiffs' injuries thus precluding a finding of liability against him. Africa Motion, at 6. Africa also contends that the City defendants have failed to allege any ground on which to connect him to a civil conspiracy with the City.

I referred the motion to Magistrate William F. Hall, Jr., for the preparation of a Report and Recommendation. Magistrate Hall, finding that the City defendants' third-party complaint failed to state a claim either for contribution or indemnity, recommended that Africa's motion be granted. The City defendants subsequently filed objections to the Report.

### II.

Plaintiffs, residents and owners of properties that were damaged or destroyed in the MOVE confrontation on May 13, 1985, brought suit against several City defendants for their role in the confrontation. On February 26, 1986, the City defendants filed a Third–Party Complaint against several MOVE members, including Alphonso Robbins Africa, seeking indemnity and/or contribution.[1] The City defendants' third-party complaint against Alphonso Africa rests in large part on statements Africa made in the course of his criminal trial in the Court of Common Pleas of Philadelphia County on May 7, 1985, six days prior to the MOVE confrontation.[2]

---

1. Count II of the complaint, which is directed at Alphonso Africa, contains the following allegations:

   Prior to May 13, 1985, Alphonso Robbins Africa knew of and participated in a conspiracy or plan by members of MOVE to provoke an armed confrontation with the City of Philadelphia and to kill law enforcement officers and other officials of this City, which actions included the fortification of the MOVE house at 6221 Osage Avenue, the construction of a bunker on its rook, and the harrassment [sic] of the neighbors.

   The confrontation was caused by these acts of Alphonso Robbins Africa and others acting in concert with him, and Alphonso Robbins Africa is liable for all damages resulting therefrom.

   If the City Defendants, or any of them, are found liable to any of the plaintiffs in these cases, then Alphonso Robbins Africa is liable to the City Defendants for any and all moneys they have expended or will expend of behalf of those persons, whether through direct City aid, legal liability determined in court, or otherwise.

   WHEREFORE, the City Defendants pray that judgment be entered in their favor and against Alphonso Robbins Africa for indemnity and/or contribution.

2. Africa's statements were as follows:

   I want people, everybody, to understand that MOVE organization is unique, in that this is not like any other organization out there that's ever existed.

   . . . . .

   The MOVE organization did things that have boggled everybody's mind in this City. MOVE organization is capable of doing things that nobody in this system have ever did.

   . . . . .

   The MOVE organization has put, has stopped, put a bind in Philadelphia, not just one time,

On April 21, 1986, I granted the City defendants' motion to join Alphonso Africa to the action as a third-party defendant. In that Memorandum and Order, I rejected plaintiffs' contentions that the City defendants' complaint failed to link Africa to the acts complained of or that joinder of Africa would be improper under Fed.R.Civ.Proc. 14(a).

### III.

The legal standards governing Africa's motion require this court to read the City's third-party complaint generously and to resolve doubts regarding the factual record in favor of the nonmoving party. *See, e.g.,* *Labov v. Lalley,* 809 F.2d 220 (3d Cir.1987) (pleadings afforded all reasonable inferences in motion to dismiss); *Lang v. New York Life Insurance Co.,* 721 F.2d 118, 119 (3d Cir.1983) (on motion for summary judgment, evidence should be viewed in light most favorable to nonmoving party).

■ Africa's first argument in his present motion—that his liability, if any, is superseded by the City's actions—rests on Restatement (Second) of Torts, section 448. Section 448 provides:

**Intentionally Tortious or Criminal Acts Done Under Opportunity Afforded by Actor's Negligence**

The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

According to Africa, the City's decision to drop an explosive device on the MOVE residence, and the City's subsequent failure to contain the fire, constituted intentional torts or crimes. Moreover, he argues that those actions cannot plausibly be viewed as reasonably foreseeable consequences of his own actions. Thus, Africa contends that Restatement section 448 precludes a finding of liability against him as a matter of law.

The City, on the other hand, maintains that Africa's efforts "to make 6221 Osage Avenue into a fortress—with reinforced walls, internal fortifications, and a rooftop bunker" coupled with his involvement in provoking an armed confrontation with police, *"certainly* 'created and increased the foreseeable risk of harm' to everyone" surrounding the MOVE residence. City Objections, at 2 (emphasis in original).

Africa's claim that the City's actions absolve him of liability rests on factual determinations that are not ripe for summary judgment. Neither Africa nor the City defendants have attached any evidentiary materials to support their respective positions. In fact, the only material outside of the pleadings that appears on the present record is Judge Lehrer's post-trial opinion from the Court of Common Pleas. His decision alone is certainly insufficient to resolve the parties' competing factual claims.

Africa's second contention—that the alleged civil conspiracy between Africa and

but the MOVE organization is on its way right now to doing something in Philadelphia that everybody in this country will be like totally shocked at. They will never think that anything is beyond what the MOVE organization can do.
Notes of Transcript 5/7/85, pp. 89–92, *quoted in Commonwealth v. Alphonso Africa,* No. 848, slip op., at 22 (Jan. 6, 1986) (Lehrer, J.).
In denying Africa's appeal from his conviction on the charge of terroristic threats, a charge related to Africa's altercation with a police officer on June 9, 1984, Judge Lehrer concluded that

[b]y Defendant's statements in open Court and threats made in the Courtroom that MOVE was on its way to doing something that would shock the nation, and which indeed did happen, Defendant can be deemed a part of the preparations for the armed confrontation —fortifying the house with brick and timber, storing gasoline barrels on rooftops, stockpiling arms and ammunition—and part of the plan to kill law officers and perhaps even, as has been suggested, to blow up the neighborhood.
*Id.* at 23.

others cannot reasonably be linked to the May 13, 1985 disaster—also rests on factual determinations ill-suited for resolution on the present record. To the extent that Africa contends that the City's complaint is insufficiently pleaded, as Africa suggests somewhat indirectly in his brief, that position is foreclosed by my April 26, 1986 Memorandum and Order granting the City defendants' motion to join Africa as a third-party defendant. That Memorandum and Order reflects my view that the third-party complaint adequately links Africa to the events described in plaintiffs' original complaint:

> [T]he complaint states that Alphonso Africa 'was involved in a conspiracy by various members of MOVE ... to cause the confrontation.' He is thus adequately linked to the events described in plaintiffs' complaint for purposes of joinder.

Magistrate Hall recommended that Africa's motion be granted on the grounds that the City defendants' complaint sounds in indemnity rather than contribution, and that the City defendants have not stated an adequate indemnity claim. According to Magistrate Hall, "[t]here are no allegations setting forth Mr. Africa's responsibility as a joint tortfeasor [which are] necessary to support a claim of contribution." Report at 8.

■ In their objections, to which Africa has not responded, the City defendants contend that their third-party complaint adequately alleges that Africa is liable as a joint tortfeasor.[3] Accordingly, the City defendants maintain that the complaint suffi-

ciently alerts Africa to their contribution claim.

Although the City defendants' third-party complaint is somewhat lean, and suggests that Africa bears full responsibility for plaintiffs' loss, I believe it encompasses a claim of contribution. Under Pennsylvania law, a "claim for contribution may be stated even though the parties acted independently." *Pennine Resources v. Dorwart Andrew & Co.*, 639 F.Supp. 1071, 1075 (E.D.Pa.1986). All that need be alleged is that the parties "united in causing a single, indivisible injury" to the plaintiffs. *Id.* The City defendants' third-party complaint, read liberally, in consonance with Fed.R.Civ.Proc. 8, alleges that Africa's actions contributed to the May 13, 1985 confrontation between MOVE and the City and to the resultant damage to plaintiffs' property. In addition, the "WHEREFORE" clause of the complaint states that the "City Defendants pray that judgment be entered in their favor and against Alphonso Robbins Africa for indemnity and/or contribution." In such circumstances, the complaint gives minimally adequate notice of the City defendants' factual allegations and legal theory.

In view of the bareness of the third-party complaint, though, as well as its ambiguity regarding the extent of Africa's liability, it seems prudent to require the City defendants to amend their pleading to reflect clearly and completely the legal bases on which they intend to proceed against the third-party defendant and the factual allegations in support thereof.[4]

Accordingly, in an accompanying Order, I will deny Alphonso Africa's Motion to

---

**3.** The language on which the City defendants base this assertion appears in paragraph thirteen of the complaint:

> If the City Defendants, or any of them, are found liable to any of the plaintiffs in these cases, then Alphonso Africa is liable to the City Defendants for any and all moneys they have expended or will expend on behalf of those persons....

**4.** The City defendants appear to proceed on the theory that their actions and Africa's actions united to produce plaintiffs' injuries—that is, that Africa and other MOVE members provoked the confrontation of which the City defendants were a part. At the same time, the City defen-

dants seek recovery from Africa for "all monies" expended in their defense of this action. This apparent contradiction in the City defendants' third-party complaint should be reconciled in their amended pleading; such reconciliation would most obviously be achieved if the City defendants were to limit their prayer for relief to that amount of damages for which Africa bears responsibility.

I concur with Magistrate Hall, for the reasons stated in his Report, that the City defendants cannot proceed on a theory of indemnity. The City defendants' amended pleading should reflect the withdrawal of that claim.

Dismiss/Motion for Summary Judgment and direct the City defendants to file, within twenty days of this Memorandum, an amended complaint.