SECURITY PACIFIC INTERNATIONAL BANK and Union Bank of Finland, Plaintiffs,

v.

NATIONAL BANK OF WESTERN PENNSYLVANIA

v.

NORTH ENERGY, INC., Neste Coal Corporation, and Neste Oy.

Civ. A. No. 89–117J.

United States District Court, W.D. Pennsylvania.

March 21, 1991.

John Riordan, Pittsburgh, Pa., Kevin Walsh, Kelly, Drye & Warren, New York City, for plaintiffs Sec. Pacific Intern. and Union Bank of Finland.

Daniel W. Rullo, Somerset, Pa., for Nat. Bank of Western Pennsylvania.

Avrum Levicoff, Pittsburgh, Pa., for Neste Coal Corp. and Neste Oy.

Thomas Rodgers, Greensburg, Pa., for North Energy.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Plaintiff Security Pacific International Bank is a corresponding bank for plaintiff Union Bank of Finland, a Finnish banking institution. Third-party defendant Neste Oy, a Finnish coal company, and third-party defendant Neste Coal Corporation, its United States subsidiary, use Security Pacific's services in dealing with third-party defendant North Energy Inc., a coal broker located in Somerset, Pennsylvania, in the Western District of Pennsylvania. North Energy maintained an account with the de-

fendant, National Bank of Western Pennsylvania.

At 12:15 p.m. on Friday, October 7, 1988, Security Pacific's London branch received instructions from Union Bank's London office to transfer by wire $225,000 from Union Bank's account with Security Pacific to Mellon Bank in the Western District of Pennsylvania for the account of National Bank.[1] No ultimate beneficiary or customer account "address" was named for this wire transfer. *See* Complaint, Exh. "A". At 1:15 p.m. that same day, a second message was received by Security Pacific instructing them to transfer $225,000 from Union Bank's account to Mellon Bank for National Bank for the account of third party defendant North Energy, Inc. *See* Complaint, Exh. "B". On October 7, 1988, therefore, National Bank had received from Security Pacific $225,000 for which it had received instructions for deposit to a North Energy account, and $225,000 from Security Pacific for which it had no designated account.

At the beginning of the next business day, Tuesday, October 11, 1988, National Bank credited the "second" $225,000 transaction to North Energy's account, and North Energy withdrew all $225,000 in two transactions. Plaintiff's Motion for Summary Judgment, Exh. "F". At approximately 10:13 A.M. on October 11, 1988, a representative of Mellon Bank contacted National Bank and informed them that they had been credited with two wire transfers. At about 11 a.m. that day, a National Bank employee called North Energy, not Security Pacific or Union Bank, to find out what to do with the undesignated funds. A Mrs. Nancy Rose, whom the National Bank employee believed to be an officer of North Energy and who is in fact the wife of the president of North Energy, stated that they were not expecting two wire transfers. On October 12, 1988, however, Mrs. Rose called the employee at National Bank and represented to the employee of National Bank that an agent or employee of the originator of the transfer, Neste Oy, had told her to credit the money to North Energy.[2] National Bank did so. Two days later, on October 14, 1988, North Energy transferred another $220,000 out of its account at National Bank, leaving only a nominal amount in its account. On or about October 28, 1988, Security Pacific discovered its error and attempted to cancel the first wire transfer. See Plaintiff's Motion for Summary Judgment, Exh. "H" (Answers to Interrogatories); Exh. "I" (Answers to Requests for Admissions); Exh. "K" (deposition of Charlene Norris).

Plaintiffs Security Pacific and Union Bank have filed a motion for summary judgment against defendant National Bank, alleging that there is no dispute of the facts which entitle them to judgment against National Bank for breach of the implied contract of deposit. National Bank joined as third party defendants North Energy, Neste Oy, and Neste Coal alleging negligence and a duty to make contribution or to indemnify on the part of Neste Oy and Neste Coal, conversion and fraud on the part of North Energy, and unjust enrichment against all three third-party defendants. North Energy has filed a motion to dismiss National Bank's third party complaint for failure to state a claim and to dismiss Neste Coal's cross-motion for indemnity. Neste Oy has filed a motion to dismiss National Bank's third party complaint for lack of personal jurisdiction. Neste Coal has filed a motion for summary judgment against National Bank's third-party complaint because it alleges it was not enriched by North Energy's receipt of the wire transfer, it was not negligent in the processing of the wire transfers, and it has no duty to make contribution to or to

---

1. Mellon Bank, a non-party to this matter, was employed as an agent by National Bank because National Bank was not a member of the international wire transfer system, known as the Society for Worldwide Interbank Financial Telecommunication ("SWIFT") system.

2. National Bank has not submitted any evidence which contradicts the affidavit of the purported agent of Neste Oy, Phil Costello, who stated that he had never in fact authorized Mrs. Rose to retain the duplicate wire transfer for North Energy. See Costello Affidavit, Exhibit "B" to Neste Coal Corporation's Brief in Support of Motion for Summary Judgment.

indemnify National Bank either pursuant to contract or at common law.

*Plaintiff's Motion for Summary Judgment*

■ It is settled law in Pennsylvania that the relationship between a bank and its customer is that of debtor and creditor and that there is an implied contract that funds entrusted to the bank will be deposited and paid out only in accordance with the instructions of the depositor. *Coffin v. Fidelity–Philadelphia Trust Co.,* 374 Pa. 378, 97 A.2d 857, 863–65 (1953). In the absence of authority or instructions from Security Pacific or an agent thereof concerning the deposit of the initial wire transfer, National Bank breached its duty by depositing the unaddressed transaction in any account. *See Provident Trust Company of Philadelphia v. Interboro Bank & Trust Co.,* 389 Pa. 548, 133 A.2d 515 (1957) (liability of bank for payment to improper person is absolute).

■ National Bank argues that the adoption of the Uniform Commercial Code by Pennsylvania, specifically of 13 Pa.C.S. § 3406, provides it with a defense because Security Pacific's negligent wire transfer "substantially contribute[d]" to National Bank's improper payment of the money to North Energy. Because questions of causation are ordinarily questions of fact, National Bank contends that summary judgment is inappropriate.

First, Section 3406 does not by its terms apply to a wire transfer, and the weight of judical authority has not extended the scope of the UCC to wire transfers. *See Walker v. Texas Commerce Bank, N.A.,* 635 F.Supp. 678 (S.D.Tex.1986); *Delbrueck & Co. v. Manufacturers Hanover Trust Co.,* 609 F.2d 1047 (2d Cir.1979); *Evra Corporation v. Swiss Bank Corporation,* 673 F.2d 951 (7th Cir.) *cert. denied,* 459 U.S. 1017, 103 S.Ct. 377, 74 L.Ed.2d 511 (1982). Even though the UCC has in some cases been employed to supplement common law principles, defendant does not cite a case where the UCC has been employed to reverse a common law rule by analogy.

■ Secondly, although questions of causation, particularly questions of intervening cause where there are consecutive negligent acts, are ordinarily questions of fact, *see Corbett v. Weisband,* 380 Pa.Super. 292, 551 A.2d 1059, 1073–74 (1988) *allocatur denied,* 524 Pa. 607, 569 A.2d 1367 and 524 Pa. 620, 571 A.2d 383 (1989), *citing Estate of Flickinger v. Ritsky,* 452 Pa. 69, 305 A.2d 40 (1973), Pennsylvania precedent applying the very UCC provision cited by plaintiff as analogous holds that a payer or drawee bank may not rely on the antecedent negligence of a drawer. *Astro Manufacturing Company v. Northwest Savings,* 72 Pa.D. & C.2d 217 (C.P. Warren 1975) held that Section 3406 did not provide a defense based on contributory negligence to Federal Home Loan Bank of Pittsburgh for honoring drafts drawn on the account of Northwest Savings Association without the endorsement of the payee, Northwest's customer Astro Manufacturing Company. To Northwest's motion for summary judgment, Federal had asserted that Northwest negligently designated the payee and negligently delivered the drafts to a party other than Astro. The Court replied, in terms applicable to the instant matter:

> [E]ven if negligence did exist, the commercial world could not tolerate a payer bank conflating the negligence of a third party with its own to the loss of its depositor. 72 Pa.D. & C.2d at 227–28.

Finally, on the peculiar facts of this case, if negligence principles were to be applied, we would hold that this is the rare case where as a matter of law the negligence of the defendant National Bank acted as a superseding cause of any harm potentially caused by Security Pacific's unaddressed wire transfer. National Bank not only did not initially inquire of Security Pacific concerning the proper payee of the $225,000, National Bank did not attempt to contact Security Pacific even after receiving a phone call from Rose requesting that the transfer be placed in North Energy's account only one day after Rose's previous denial of North Energy's entitlement to the transfer.

Pennsylvania law provides for prejudgment interest, which should be awarded

"based not on our characterization of the underlying dispute, but rather on the ... nature of the remedy the plaintiff seeks." *Peterson v. Crown Financial Corporation*, 661 F.2d 287, 295 (3d Cir.1981). Because we regard the relief sought by plaintiffs as contractual in nature, prejudgment interest at six (6%) per cent prescribed by 41 P.S. § 202 is awarded from October 28, 1988 until the date of judgment. *See Fiat Motors of North America v. Mellon Bank*, 827 F.2d 924, 931 (3d Cir.1987).

Attorneys fees are not a permissible item of damages.

### North Energy's Motions to Dismiss for failure to state a claim

Without comment, we dismiss North Energy's meritless motions to dismiss the third party complaint of defendant National Bank and the crossclaim of third party defendant Neste Coal.

### Neste Oy's Motion to Dismiss for lack of jurisdiction

■ Contrary to defendant National Bank's arguments in opposition to Neste Oy's Motion to Dismiss, the evidence of record does not show "continuous and systematic" contacts of Neste Oy with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–17, 104 S.Ct. 1868, 1871–74, 80 L.Ed.2d 404 (1984) (explaining constitutional requirements for personal jurisdiction). The evidence of record shows ongoing business operations by Neste Coal, a subsidiary of Neste Oy, but this does not allow us to exercise jurisdiction over the corporate parent. *Botwinick v. Credit Exchange, Inc.*, 419 Pa. 65, 213 A.2d 349 (1965); *Lucas v. Gulf & Western Industries, Inc.*, 666 F.2d 800, 805–06 (3d Cir.1981). National Bank also has not submitted any evidence to show that this controversy "arises out of" Neste Oy's contacts with the Commonwealth. *See Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 543–44 (3d Cir.1985). It is undisputed that this matter arose from an erroneously unaddressed wire transfer from Security Pacific. Neste Oy's ultimate authorization of another correctly addressed wire transfer does not make that initial wire transfer one which arises out of its activities. As we have previously stated, National Bank has submitted no evidence showing any involvement of any agent or employee of Neste Oy in the origination or deposit of the initial wire transfer.

### Neste Coal Corporation's motion for summary judgment

■ Defendant National Bank filed its third-party complaint against Neste Coal Corporation alleging that Neste Coal was unjustly enriched by the payment mistakenly made to North Energy because Neste Coal owed North Energy money, and because the initial transfer was applied by North Energy to reduce the balance of that debt. Additionally, National Bank alleged claims for contribution and indemnity against Neste Coal.

Despite ample time to conduct discovery, National Bank has presented no evidence to show that Neste Coal obtained any benefit from the transfer to North Energy. National Bank did not present any evidence indicating what North Energy did with the $225,000 after it withdrew it. In fact, the only relevant evidence of record, the Wrede Affidavit, Exhibit "A" to Neste Coal's Brief in Support of Motion for Summary Judgment, indicates that North Energy was indebted to Neste Coal at the time of the mistaken transfer and that Neste Coal could not possibly be benefitted by the crediting of $225,000 to North Energy's account.

Plaintiff also fails to allege, much less introduce evidence in support of its claim for contribution which would tend to prove, that Neste Coal was jointly responsible for the mistaken transfer. *See Lasprogata v. Qualls*, 263 Pa.Super. 174, 397 A.2d 803 (1979) (joint tortfeasor liability prerequisite to right of contribution). On this record, the only apparent avenue available to National Bank to prove that Neste Coal was jointly responsible would be to show that some agent or employee of Neste Coal contributed to the transfer by Security Pacific or to the deposit into North Energy's account. As previously stated, however, even if Costello were an employee or appar-

ent agent of Neste Coal, there is no evidence (such as a contradicting affidavit from Rose) to dispute his affidavit that he did not authorize Rose to represent to National Bank that North Energy was the intended recipient of the initial transfer.

*A fortiori,* National Bank cannot show a prima facie case that it is entitled to common law indemnity from Neste Coal, because it cannot make the necessary showing that Neste Coal was "actively negligent" in comparison with National Bank. *See Pennine Resources, Inc. v. Dorwart Andrew & Company,* 639 F.Supp. 1071, 1075 (E.D.Pa.1986). Nor does National Bank allege the existence of a contract entitling it to indemnity from Neste Coal.

We grant plaintiff's motion for summary judgment against National Bank and order repayment by National Bank of the $225,-000 to Security Pacific, plus interest at the legal rate. We deny North Energy's motions to dismiss. We grant Neste Oy's motion to dismiss, holding that this Court has no personal jurisdiction over Neste Oy. We grant Neste Coal's motion for summary judgment.

Finally, we direct National Bank and North Energy to file their joint pretrial stipulation on or before April 5, 1991. This matter is placed on the April trial list as a backup case for April 8, 1991.