### In re ONE MERIDIAN PLAZA FIRE LITIGATION.

Civ. A. Nos. 91–2171, 91–2172, 91–2226, 91–2227, 91–2374 and 91–2545 to 91–2547.

United States District Court, E.D. Pennsylvania.

April 15, 1993.

Harold Berger, Berger & Montague, P.C., Mark R. Rosen, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Paul R. Rosen, Spector, Gadon & Rosen, P.C., Alan C. Kessler, Buchanan Ingersoll Professional Corp., Philadelphia, PA, Henry F. Siedzikowski, John M. Elliott, Elliott, Bray & Riley, Blue Bell, PA, Ann Miller, Spector, Gadon & Rosen, Philadelphia, PA, for The Robinson Family Trust, Ejay Travel, Inc., plaintiffs for themselves and all others similarly situated.

Robert W. Hayes, Kevin P. Oates, Cozen & O'Connor, Philadelphia, PA, for Richard I. Rubin & Co., Inc., Pan American Office Investments, Inc., Jones Lang Wootton USA.

E. Parry Warner, Obermayer, Rebmann, Maxwell and Hippel, Robert W. Hayes, Kevin P. Oates, Cozen & O'Connor, Philadelphia, PA, for E/R Associates t/a One Meridian Plaza.

Robert W. Hayes, Kevin P. Oates, Cozen & O'Connor, Philadelphia, PA, Donald T. MacNaughton, Jeffrey Barist, White & Case, New York City, for Equitable Life Assur. Soc. of U.S., Equitable Real Estate Inv. Management, Inc.

Stephen A. Cozen, Robert W. Hayes, Kevin P. Oates, Cozen & O'Connor, Philadelphia, PA, Lynette C. Kelly, Kathleen M. Comfrey, Shearman & Sterling, New York City, for USA One Associates, USA One B.V. and USA Two B.V.

Michael P. O'Connor, Michael J. Dunn, Ivan J. Krouk, and Cynthia Philo, Murphy and O'Connor, Philadelphia, PA, for Robin Inv. Admin. Co.

Stephen A. Cozen, Robert W. Hayes, E.J. Borrack, Cozen & O'Connor, Philadelphia, PA, Lynette C. Kelly, Kathleen M. Comfrey, Shearman & Sterling, New York City, for Algemeen Burgerlijk Pensioenfonds.

Barbara W. Mather, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Aetna Cas. & Sur. Co., Aetna Life Ins. Co.

Joseph K. Hetrick, Norbert F. Bergholtz, Dechert, Price & Rhoads, Philadelphia, PA,

Terrence E. Bishop, Mel I. Dickstein, James D. Steiner, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for Balis & Co.

John S. Tucci, Jr., John W. Walter, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Penn Sprinkler Co., Inc.

Samuel J. Pace, Jr., James L. Moore, Jr., Leslie Martinelli Cyr, Labrum and Doak, Philadelphia, PA, for Delmont Fire Protection Service, Inc.

Steven H. Berkowitz, Southampton, PA, for James Webster.

Joel D. Gusky, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, PA, for American Bldg. Maintenance Co.

E. David Chanin, Bennett G. Picker, George E. Pallas, Bolger, Picker, Hankin & Tannenbaum, Philadelphia, PA, for National Guardian Sec. Services Corp.

John M. Phelan, Phillips & Phelan, Philadelphia, PA, for F.X. Griffin.

Michael P. McKenna, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, PA, for Halprin Supply Co., Inc., Sierra Fire Equipment Co.

Charles J. Bloom, Stevens & Lee, P.C., Wayne, PA, Barry E. Cohen, Crowell & Moring, Washington, DC, for Rubinetterie A. Giacomini Spa.

Peter F. Vaira, John E. Riley, North & Vaira, Philadelphia, PA, Geoffrey A. Lewis, Underwriter's Laboratories, Inc., North Brook, IL, John J. Verscaj, Bell, Boyd and Lloyd, Chicago, IL, for Underwriters Laboratories, Inc.

Basil A. DiSipio, Lavin, Coleman, Finarelli & Gray, Philadelphia, PA, for Premier Indus. Corp. t/a Akron Brass Co.

Robert M. Britton, Philadelphia, PA, for Task Force Tips, Inc.

Barry Brownstein, Richard E. Arvidson, Michael A. Sicola, Dean Constantine, Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, Livingston, NJ, for Maris Equipment Co.

Steven M. Mezrow, Steven M. Mezrow & Assoc., Philadelphia, PA, for The Energy Consortium, Inc.

John J. Mulderig, Brown & Connery, Westmont, NJ, Paul A. Koches, Joseph Brooks, Popham, Haik, Schnobrich & Kaufman, Ltd., Washington, DC, for Honeywell, Inc.

Lawrence S. Sarowitz, Jay E. Mintzer, Michael C. Nugent, Edelstein, Mintzer, Diamond & Sarowitz, Philadelphia, PA, for Pyrotrol Systems, Inc., Div. of Potter Elec. Signal Co.

Adolph F. Fellmeth, III, Jenkintown, PA, for Webster Automation Systems, Inc.

Jane North, Edward J. David, Mylotte, David & Fitzpatrick, Philadelphia, PA, for John Ashe Associates, Inc.

Patricia L. Dee, Thomas H. Morgan, Capehart & Scatchard, P.A., Mount Laurel, NJ, for H.B. Frazer and Co., Inc.

Enid R. Stebbins, Trina M. Bragdon, Saul, Ewing, Remick & Saul, Philadelphia, PA, for Nason & Cullen, Inc.

R. Thomas McLaughlin, Kelly McLaughlin & Foster, Philadelphia, PA, for Sheward Henderson.

Ralph J. Luongo, Rawle & Henderson, Philadelphia, PA, for M & M Equipment Co.

## MEMORANDUM

BUCKWALTER, District Judge.

### I. Introduction

This case is one of many which arose as a result of a fire at One Meridian Plaza which began on February 23, 1991. Underwriters Laboratories, Inc. (hereinafter "UL") is a third-party defendant in this case, having been impleaded by a group of defendants collectively referred to as the E/R Defendants [1] pursuant to Fed.R.Civ.P. 19. UL

moves to dismiss the third-party complaint in this action and in several other actions where the procedural posture is the same.[2]

### II. Facts

The background of this case has previously been reported in a memorandum and order dated April 14, 1993, ruling on motions to dismiss filed by the defendants in this action.

The gravamen of E/R Associates' defendants' Third Party Complaints against UL is that UL negligently certified the Giacomini A202 PRV's as being in compliance with UL's own standard, when in fact the PRV's did not meet such standard, and that this negligent certification caused and allowed these unsafe PRV's to be installed in One Meridian Plaza and contributed to the spread of the fire. See E/R Associates' Memorandum at 5, n. 4. It is UL's position that the third-party complaint should be dismissed because 1) it fails to establish derivative liability as required by Fed.R.Civ.P. 14; 2) it fails to state a cause of action under Pennsylvania law; 3) the allegations do not establish a substantive right to indemnification under Pennsylvania law; and 4) the allegations do not establish a claim among joint tortfeasors for which relief can be granted under the Pennsylvania Contribution Among Tort-Feasors Act, 42 Pa.Cons.Stat.Ann. § 8321, et seq.

### III. Standard of Review

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). All well-pleaded factual allegations in the complaint must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31

---

1. The E/R Defendants are E/R Associates, Richard I. Rubin & Co., Inc., The Equitable Life Assurance Society of the United States, Equitable Real Estate Investment Management, Inc., Jones Lang Wootton USA, Pan American Office Investments, Inc., USA One Associates, USA One BV, USA Two BV, and Algemeen Burgerlijk Pensioenfonds. They are alleged to be the owners and/or managers of One Meridian Plaza.

2. *Federal Insurance Co., et al. v. Richard I. Rubin & Co., Inc., et al.*, Civil Action No. 92–4177, *McAllister v. Richard I. Rubin & Co., Inc., et al.*, No. 91–5875, *Holcombe v. Richard I. Rubin & Co., Inc., et al.*, No. 91–6122 and *Chappell v. Richard I. Rubin & Co., Inc., et al.*, No. 92–5533.

L.Ed.2d 263 (1972); *Rocks,* 868 F.2d at 645. The court must draw all reasonable inferences from the allegations and view them in the light most favorable to the non-moving party. *Rocks,* 868 F.2d at 645.

### IV. Discussion

Rule 14 of the Federal Rules of Civil Procedure states, in pertinent part:

(a) **When Defendant May Bring in Third Party.** At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. . . .

 The crucial characteristic of a Rule 14 third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff. Where, as here, state substantive law recognizes a right of contribution and/or indemnity, impleader under Rule 14 is the proper procedure by which to assert such claims. *See Smith v. Whitmore,* 270 F.2d 741 (3d Cir.1959); *Pennine Resources, Inc. v. Dorwart Andrew & Company,* 639 F.Supp. 1071 (E.D.Pa.1986). A third-party complaint may not set forth a claim that the third party defendant is directly liable to the original plaintiff; it is limited to claims of secondary or derivative liability. *Pennine Resources,* 639 F.Supp. at 1076.

### A. Indemnification

 Under Pennsylvania law, indemnity is available only from those who are primarily liable to those who are merely secondarily or vicariously liable. *Id.* at 1075 (citations omitted). Indemnity, if applicable, would shift the entire liability for plaintiff's loss from a third-party plaintiff to third-party defendant. *Id.* Indemnity is a right which inures to a person who, without active fault on his part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. *Id.* In determining whether liability is primary or secondary, courts focus on such factors as active or passive negligence and knowledge of an opportunity to discuss or prevent the harm. *Id.* Under Pennsylvania law, indemnity is not available if the indemnitee is actively negligent. *Id., citing Di Pietro v. Philadelphia,* 344 Pa.Super. 191, 195–96, 496 A.2d 407, 409–10 (1985). The prototypical indemnity situation is where an employer is held liable for an employee's tortious acts.

 The E/R Defendants argue that the complaint and the third-party complaint can be read such that E/R Defendants' only "fault" in permitting unsafe Giacomini A202 PRV's to be installed in One Meridian Plaza was that these PRV's, bearing a UL mark, did not meet UL's own certification testing and its own standards and that this deviation from UL standards contributed to the spread of the fire. E/R Defendants' Memorandum at 19. This does not state a claim for indemnity; under this characterization, the E/R Defendants would not be liable at all. Thus, UL would not be secondarily liable to the E/R Defendants.

### B. Contribution

 UL also contends that the E/R Defendants fail to state a claim for contribution. It is clear that a defendant cannot make a third-party claim for contribution for intentional acts, and to the extent that it is determined that the E/R Defendants acted intentionally, no claim for contribution is stated. However, under the Pennsylvania Uniform Contribution Among Tort–Feasors Act, 42 Pa.Cons.Stat.Ann. § 8321 et seq., a right to contribution exists among joint tortfeasors, defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." (*Id.,* § 8322). The E/R Defendants argue that the harm caused by the spread of the fire as alleged by plaintiffs due to the effect of the PRV's on the firefighting efforts is not divisible and thus they and UL are joint tortfeasors.

The following factors are considered in determining whether parties are jointly liable:

The identity of a cause of action against two or more defendants; the existence of a common or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to the time, place or result; whether the injury is direct and immediate, rather than consequential; responsibility of the defendants for the same injuria as distinguished from damnum.

*Pennine Resources,* 639 F.Supp. at 1075, quoting *Voyles v. Corwin,* 295 Pa.Super. 126, 130–31, 441 A.2d 381, 383 (1982).

At this stage of the proceedings, and in accordance with the above standards, I cannot say that the E/R Defendants and UL are not, as a matter of law, joint tortfeasors. Thus, the E/R Defendants have stated a claim for contribution.

## C. Negligent Misrepresentation

Finally, UL argues that the E/R Defendants have failed to state a claim for negligent misrepresentation. Pennsylvania has adopted § 552 of the *Restatement* (Second) of Torts, which provides, in pertinent part:

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*See Mill–Mar, Inc. v. Statham,* 278 Pa.Super. 296, 420 A.2d 548, 550 (1980). UL contends, specifically, that the E/R Defendants did not and can not allege that they relied, reasonably or otherwise, on any representation made by UL.

The third-party complaint alleges *Delmont* reasonably relied on UL's negligent misrepresentations, thereby installing the PRV's, thereby contributing to the spread of the fire. However, reading the third party complaint as a whole, it appears to me that the E/R Defendants are alleging that they, too, relied on UL's alleged misrepresentation, albeit indirectly, and have sufficiently stated a claim against UL for negligent misrepresentation.

## V. Conclusion

For the foregoing reasons, defendant UL's motion to dismiss the third-party complaint is denied.