**420**

Frank R. RYAN, et al., Plaintiffs,

v.

Richard COLLUCIO, et al., Defendants.

No. Civ.A 98–2396 (GEB).

United States District Court,
D. New Jersey.

Dec. 15, 1998.

Thomas W. Sweet, Springfield, NJ, for Plaintiffs.

Steven J. Sloan, Siegel & Siegel, PC, Plainsboro, NJ, for Defendants.

Joseph A. Manning, Marshall, Dennehey, Warner, Coleman & Goggin, Livingston, NJ, for Third-Party Defendants.

## AMENDED MEMORANDUM OPINION

HUGHES, United States Magistrate Judge.

This matter comes before the Court on motion of Defendants, Riverview Terrace, Larvan Corporation, Larvan Inc., and John Schleining ("Larvan" or "Larvan Defendants"), for leave to file a third-party complaint against Selective Insurance Company ("Selective") pursuant to FED.R.CIV.P. 14. Selective has submitted opposition to the motion. The Court reviewed the written submissions of the parties and considered the matter pursuant to FED.R.CIV.P. 78.

For the reasons that follow, Defendants' motion for an Order granting leave to file a Third–Party Complaint is denied.

## I. *BACKGROUND AND PROCEDURAL HISTORY*

On May 13, 1998, Plaintiff homeowners, Frank and Elise Ryan, filed a Complaint naming Larvan and Selective, inter alia, as Defendants. This action was removed by Selective as a federal question pursuant to 28 U.S.C.A. § 1441(a), to the United States District Court, District of New Jersey. On September 28, 1998, Plaintiffs submitted a stipulation of dismissal with prejudice as to Selective. Plaintiffs' claims against the other Defendants, including the Larvan Defendants, however, remain active.

Plaintiffs own a parcel of real property located at 8 Alexauken Creek Road, Lambertville, New Jersey (the "Property"). (Amended Compl. at 4, ¶ 15). Plaintiffs purchased the Property from Richard and Mary Ann Coluccio on September 27, 1993. (*Id.* at ¶ 16). The Coluccios purchased the Property from the Larvan Defendants on June 9, 1992. (*Id.* at 5, ¶ 17). Plaintiffs essentially contend that the prior owners (1) caused the Property to be filled with the incorrect type of fill material; (2) failed to inform Plaintiffs of related material facts; and (3) unlawfully

obtained residential construction permits necessary to sell the Property as a building lot for residential purposes. (*Id.* at 6, ¶ 25; 9, ¶¶ 2–5; 13, ¶¶ 2–7). As a result, Plaintiffs argue, they had to vacate their residence located on the Property in November of 1996 because erosion of the Alexauken Creek bank removed significant quantities of fill material leaving the Property in unstable condition.

Selective issued to Plaintiffs a Standard Flood Insurance Policy (the "Policy") under the National Flood Insurance Program. *See* 44 C.F.R. §§ 59–78 (1998) (*authorize by* the National Flood Insurance Act, 42 U.S.C.A. § 4001 *et seq.*). The Policy covered Plaintiffs during October of 1996, when the flooding which gave rise to this litigation occurred. Selective alleges that Plaintiffs voluntarily agreed to dismiss all claims against Selective, as 42 U.S.C.A. § 4072 "requires claimants to file suit in Federal Court within one year after the denial of their claim." (Selective's Brief at 2).

Larvan now argues that Selective should be impleaded as a Third–Party Defendant in this matter. Larvan contends that, in denying coverage to Plaintiffs for damages caused by flooding in October of 1998, Selective breached the Policy. In the proposed Third–Party Complaint, Larvan demands contribution and indemnification against Selective, should Larvan be held liable to Plaintiffs.

Selective argues that Larvan's motion should be denied because Larvan lacks standing to assert any third-party claims against Selective. Selective emphasizes that Plaintiffs voluntarily dismissed its claims against Selective because Plaintiffs failed to file against Selective within the applicable one year statute of limitations. Additionally, Selective emphasizes that the Larvan Defendants are not insureds under the Policy. Finally, Selective argues that Plaintiffs' claims in the underlying litigation are not related to flooding.

## II. *DISCUSSION*

### A. *Impleading a Third–Party Defendant—FED.R.CIV.P. 14*

The question presented is whether Defendant/Third–Party Plaintiff Larvan can im-

plead Selective in this litigation as a Third–Party Defendant.

■ Federal Rule of Civil Procedure 14(a) provides in pertinent part that:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

FED.R.CIV.P. 14(a). If a third-party plaintiff files a third-party complaint more than ten days after serving the original answer, the court's leave must be obtained to file the third-party complaint. *Id.* It is well settled that:

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

*F.D.I.C. v. Bathgate,* 27 F.3d 850, 873 (3d Cir.1994) (quoting Charles A. Wright, Authur R. Miller, Mary Kay Kane, 6 *Federal Practice and Procedure* § 1446, at 355–58 (1990)); *see also Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (holding that a third-party may not be impleaded merely because he may be liable to the plaintiff). In *In re One Meridian Plaza Fire Litigation,* 820 F.Supp. 1492, 1496 (E.D.Pa.1993), the court explained that "the crucial characteristic of a Rule 14 third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff." Thus, a true third-party complaint derives from the original plaintiff's direct action against the defendant/third-party plaintiff.

■ Here, Larvan's proposed Third–Party Complaint does not attempt to transfer to Selective all or part the liability asserted against it by the Ryans. Larvan essentially proposes that Selective should cover Larvan's potential liabilities. But Larvan's potential liabilities are unrelated to Plaintiffs' flood insurance policy. The Complaint alleges that Larvan is liable for conduct related to its prior ownership of Plaintiffs' property. Plaintiffs claims, which are based on theories of negligence and fraud, are governed by state law. However, the Third–Party Complaint concerns the Policy that Selective provided to Plaintiff. The Policy arises solely under federal law. *See* 42 U.S.C.A. § 4072; *Possessky v. National Flood Insurers Ass'n,* 507 F.Supp. 913, 915 (D.N.J.1981) (holding that all claims governed by the National Flood Insurance Act ("NFIA") fall under the exclusive jurisdiction of federal courts). Thus, it is clear that the basis for the Third–Party Complaint is distinct from the basis for Plaintiffs' direct action. In any event, having been dismissed as a defendant in this action, Selective is not even potentially liable to Plaintiffs. Further, it is undisputed that Larvan did not have a contractual relationship with Selective. Thus, Larvan's proposed Third–Party Complaint for contribution and indemnification against Selective is separate and independent from the underlying cause of action. As a result, Larvan cannot maintain a third-party complaint against Selective.

### B. *Standing*

■ Selective argues that Larvan's motion for leave to file a third-party complaint should be denied because Larvan lacks standing. It is axiomatic that a plaintiff must have standing to sue in order to present a justiciable case or controversy to the court. *See Gariano v. CSC Ins. Co.,* 845 F.Supp. 1074, 1077 (D.N.J.1994) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471–72, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). To have standing "a plaintiff must have personally suffered some actual or threatened injury as a result of a defendant's alleged unlawful conduct." *Gariano,* 845 F.Supp. at 1077 (citing *Valley Forge,* 454 U.S. at 472, 102 S.Ct. 752). Furthermore, "a plaintiff must be asserting his own legal rights in a case, not those of third parties." *Gariano,* 845 F.Supp. at 1077 (citing *Gladstone Realtors v. Bellwood,* 441 U.S. 91, 99–100, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979)).

"Finally, a plaintiff's interest must be within the 'zone of interests' protected by the law from which the claim arises." *Id.*

In *Gariano*, the plaintiff sued his automobile insurer ("CSC") to obtain insurance payment for medical expenses he sustained in an automobile accident. *See Gariano*, 845 F.Supp. at 1075. CSC, alleging that the plaintiff's injuries were covered by plaintiff's medical providers (collectively "Blue Shield"), refused to pay the claimed expenses and filed a third-party complaint against Blue Shield. *Id.* In its third-party complaint, CSC sought a judgment ordering Blue Shield to pay the claims of the plaintiff and to indemnify and/or contribute to any judgment entered against CSC. *Id.* The court held that CSC failed to establish that its injury was the result of Blue Shield's alleged illegal conduct. *Id.* at 1078. The court further held that the relief sought by CSC—that Blue Shield provide payments to the plaintiff—would not necessarily redress CSC's alleged injury. Although the plaintiff might receive additional payments, the payments "would not appear to affect his action against CSC based on CSC's failure to pay under CSC's own insurance contract" with the plaintiff. *Id.*

■ Here, because Larvan and Selective did not have any legal relationship with one another, Selective, in denying coverage to Plaintiffs, did not cause an injury to Larvan. Further, no evidence submitted convinces the Court that Selective's conduct was unlawful. Moreover, Larvan's requested relief in the proposed Third–Party Complaint-collecting indemnification and/or contribution from Selective to abate its potential liability to Plaintiffs-is not within the zone of interests protected by NFIA. NFIA was designed to provide "a reasonable method of sharing the risk of flood losses ... [thereby] making flood insurance available on reasonable terms and conditions to persons who have a need for such protection." 42 U.S.C.A. § 4001(a); *see also Hidenfelter v. Director, Federal Emergency Management Agency*, 603 F.Supp. 434 (D.C.Mich.1985) (noting that NFIA was instituted to provide low-cost flood insurance to homeowners and small businesses that may suffer losses to real and personal property from flooding). No re-

ported authority suggests that a party, such as Larvan, who may be liable due to his own negligence or fraudulent conduct to an insured under NFIA, is entitled to indemnification and/or contribution under NFIA. For the reasons set forth above, the Court finds Larvan does not have standing to maintain an action against Selective.

### C. FED.R.CIV.P. 15(a)/Futility of Amendment

■ Larvan's motion for leave to file a Third–Party Complaint is essentially a motion for leave to amend pleadings. Leave to amend pleadings is liberally granted when justice so requires. FED.R.CIV.P. 15(a). The determination of a motion to amend falls within the sound discretion of the trial court and is guided by Rule 15(a). *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Third Circuit Court of Appeals regards the possibility of prejudice to the nonmoving party as the "touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989) (quoting *Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)). Absent undue prejudice, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands*, 663 F.2d 419, 425 (3d Cir.1981) (citing *Cornell & Co.*, 573 F.2d at 823). If the amendment fails as a matter of law to warrant any relief, leave to amend should be denied as futile. *See Smith v. National Collegiate Athletic Assoc.*, 139 F.3d 180 (3d Cir.1998).

Here, the proposed Third–Party Complaint must be denied as futile for the reasons set forth above. First, the proposed Third–Party Complaint does not derive from Plaintiffs' direct action against Larvan. Plaintiffs' claims against Larvan are based on negligence and fraud, whereas Plaintiffs' now dismissed claim against Selective was based on a flood insurance policy arising under federal law. Second, Larvan does not have standing to maintain a cause of action against Selective. Larvan clearly did not suffer an injury

as a result of Selective's alleged unlawful conduct. Therefore, the proposed Third–Party Complaint would fail as a matter of law to warrant any relief, and the motion should be denied as futile.

### III. *CONCLUSION*

For the reasons set forth above, Larvan's motion for leave, to file a third-party complaint is denied.[1]

### ORDER

This matter having been brought before the Court by defendants Riverview Terrace of Lambertville, Inc., a corporation, Larvan Corporation, Larvan, Inc. and John Schleining, for an Order vacating the United States Magistrate Judge's Orders and recommendations of October 23, 1998 and November 4, 1998; and for other good and sufficient cause shown; and this matter having been decided without oral argument pursuant to FED. R.CIV.P. 78; and for the reasons set forth on the record;

IT IS on this 7th day of December, 1998;

ORDERED, that the United States Magistrate Judge's Orders of October 23, 1998 and November 4, 1998 are hereby AFFIRMED as to the denial of leave to file a third party complaint; and it is further

ORDERED, that this report and recommendation of the United States Magistrate Judge that this action be remanded is hereby adopted and the action is hereby REMANDED to the Superior Court of New Jersey, Hunterdon County, Law Division, for lack of subject matter jurisdiction; and it is further

ORDERED, that a copy of this Order shall be served upon all counsel of record within 10 days of the date hereof; and it is further

ORDERED, that a copy of this Order shall be furnished to the Clerk of the Superior Court of New Jersey, Hunterdon County.

---

1. The Court's original opinion included a section where the Court *sua sponte* remanded the case for lack of federal jurisdiction. Subsequently, the Third Circuit Court of Appeals held that, although "the vast majority of district courts, within [the District of New Jersey] and elsewhere," treated motions to remand as non-dispositive, such motions were indeed dispositive and, thus, outside the scope of a magistrate judge's authority. *In re U.S. Healthcare,* 159 F.3d 142, 145–46 (3d Cir.1998).

Accordingly, this Court vacated its original order, filed October 23, 1998, in so far as it or-

dered remand, instead recommending remand to the District Judge. The order relating to the denial of the motion for leave to amend the pleadings remained intact and a new order need not be filed along with the Amended Memorandum Opinion.

On December 7, 1998, the District Judge affirmed the order denying the motion for leave to amend the pleadings and adopted the recommendation for remand, ordering that the case be remanded to state court.